Mr. Justice Lipsoomb
delivered the opinion of the court.
The proceedings in this case were commenced under the provisions of an act of the first session of the legislature of the state, acts, page 127, entitled “ an act to authorize the settlement of disputes by conciliation or arbitration.”
The record shows the agreement between the parties to submit under the terms of the statute. The record shows, by the certificate of the clerk, that the arbitrators were sworn, but the form in which the oath was administered is not shown,, nor is it shown by the record that the clerk had appointed any particular day for the meeting of the arbitrators. The award of the arbitrators, as returned by them, sets out “that after being duly qualified and sworn, and after due notice having been given to said parties two full days, we met at the premises in dispute, and after examining said premises and the papers, and after hearing the parties and their several and numerous allegations and differences, and after examining the several witnesses,” etc., etc. The record then proceeds to decide on the matters submitted.
This award was filed in the office of the clerk of the district court, the 13th day of October. The record shows that the court commenced its session on the 8th day of November, 1847. On the 10th of November the defendant filed his pe *470 tition in the court to set aside the award. It was therefore-within the three first days of the term. In the 7th section of the act, after directing that the award shall be returned to the clerk’s office, and shall be made the judgment of the court at. the next term, provides, “ but should either party appeal from the decision of the arbitrators, the appellant shall file his application with the clerk of the district court within the three first days of said court, wherein the case shall T)e tried de twvoy on which execution may issue, as in other judgments rendered by the district court.” The part of the statute cited is badly expressed, and if taken by itself, would be obscure as to the-mode of appealing, and the consequence of such appeal. But this can be fully explained by reference to the concluding part of the 1st section of the act. “And the decision of any controversy, dispute, or right of action, made by arbitration, according to the provisions of this act, shall be without appeal,, unless the right to the same shall be reserved in the agreement filed.” From this it must be apparent, that the appeal mentioned in the 7th section cited above, can be no other than an appeal reserved in the agreement of the parties in their submission.
There being no such right reserved in the agreement in this-case, the award ought, under the statute, to have been, as a matter of course, made the judgment of the court, unless the proceedings should appear not to have been in conformity to-the statute. The judge of the district court was of the opinion that the statute had not been complied with, and he refused to make the award the judgment of the court. From the record it seems that the departure from the statute was-supposed to be in this:
1st. That it did not appear that the clerk appointed a day for the hearing before the arbitrators.
2d. That it did not appear what was the language of the oath administered by the clerk to the arbitrators.
¥e will consider the first in order. The act requires the clerk to appoint a day of trial for the cause not less than two-days thereafter. Section 3. It does not, however, prescribe the mode in which such appointment shall be authenticated or *471 made known, to the parties, nor does it require that the clerk should make the assignment of the day of trial a matter of record. In the award made by the referees they state the fact “ that ■due notice had been given two full days.” If this award is to have the effect of a judgment the notice is fully shown, and we must presume the fact to exist as stated, especially when no particular mode of authenticating the fact is enjoined by the law. The very objects intended to be effected by the act invoke a liberal construction of its provisions. "When, therefore, the record shows that a thing or act has been done, we will presume it was done according to the spirit of the law requiring it to be done, unless it is shown affirmatively not to have been so done. That the appointment of a day of trial was made according to the law receives additional confirmation from the record of the award, showing that the parties appeared and that their respective claims were heard and considered.
The views we have expressed on the first objection will apply with equal force to the second.
The clerk certifies that the arbitrators were sworn as required by law. Now, as the clerk is not required by the law to make a record of the form of the oath to be administered, even had a particular form of oath been prescribed, the presumption would be that the prescribed form had been observed. But the form is not prescribed; the substance only is expressed in the act. See section 5.
¥e believe that the district court erred in refusing to make the award in this case the judgment of the court, and its judgment, in so refusing, is reversed and set aside and the cause remanded, with instructions to enter the award of the arbitrators as the judgment of the court.