CARY L. RICE v. JOHN E. LEMON AND OTHERS.

Where the petition, in a penal action, referred to the records of the Court, from which it stated the facts alleged would appear, and prayed leave to inspect them for greater certainty, and a demurrer to the petition was sustained, on error by the plaintiff, the Court affirmed the judgment on the ground that, as the records referred to were not embodied in the transcript, the presumption was that if they were so embodied, they would sustain the judgment.

Error from Wood. Heard before the Hon. W. W. Morris.

Suit by plaintiff in error against defendants in error, to recover four fold certain fees alleged to have been illegally exacted of the plaintiff by the defendant, as Clerk of the District Court, by his deputy. The petition referred to certain records of the Court, from which it stated the facts alleged would appear, and prayed leave to inspect them for greater certainty ; but did not otherwise make them part of the petition. Demurrer to petition sustained.

*Turner & Banks*, for plaintiff in error.

*D. O. Norton*, for defendants in error.

WHEELER, J. It is unnecessary to inquire whether the averments of the original and amended petition were, in themselves and independent of the exhibits and reference therein made to the proceedings of record.in the cause, sufficient under the decisions of this Court, to entitle the plaintiff to maintain this action. The statute is penal, and the pleadings and proceedings, in a suit to enforce the penalty, must be construed strictly. (8 Tex. R. 255 ; Id. 206 ; Id. 358.) The allegations of the petition must be taken and considered together with the exhibits and references to the records then before the Court, to which the attention of the Court was invited in connexion with the averments of the petition. To determine whether the plaintiff had a right of action, on demurrer, the Court would look not alone to the averments of the petition, but to the exhibits and records referred to by the petition as supporting the plaintiff's case ; and if there was apparent ambiguity or repugnancy, the matters of fact averred and appearing by the exhibits, must be construed most strongly against the plaintiff ; for every one is presumed to have represented the facts of his case in the point of view which is most favorable to himself. The petition makes an exhibit of an execution, on which it is averred the Clerk endorsed his fee bill amounting to the sum of forty-one dollars and twenty-nine cents. But no such execution appears by the record. It is further averred, that about seven dollars and twenty-five cents were the amount due by the plaintiff, as will appear by reference to the records of the Court, to which the plaintiff refers the Court for inspection. The record is not before us. But we must presume the execution and records referred to were inspected by the Court, and that they did not sustain the plaintiff's case. They were before the Court ; the attention of the Court was

Rice v. Lemon.

invited to them as a part of the statement of the plaintiff's case ; and if the Court did not decide rightly upon the case there appearing, the record should have presented the whole case upon which the Court rendered its judgment, so that this Court might see whether the judgment was erroneous. Until the contrary appears affirmatively by the record, it must be presumed that the Court adjudged rightly upon the whole case. This Court manifestly ought not to reverse the judgment upon the averments of the petition, though we should be of opinion that they were, in themselves, legally sufficient ; when they do not contain, nor does the record present the whole case upon which the Court rendered its judgment. It may be, that an inspection of the record did not support the plaintiff's averments, but the contrary ; and this must be the presumption in support of the judgment.

If the record does not present the case as favorably for the appellant as it might have been presented, it is not the fault of the appellee. It was demanded by and delivered to the plaintiff's attorney ; and must be taken to contain every thing which the plaintiff desired should be presented to this Court. We are of opinion there is no error in the judgment, and it is affimed.

Judgment affirmed.