## THE SUNDAY-LAW CASES.

### BENNETT & HARRIS v. THE STATE.

Every intendment must be indulged in favor of the authority for the action of
the court below, and, until the contrary appears, it will be presumed as
found and presented to the court as the law directs.

Where the court charged the jury that, if they found both the defendants
guilty, they would assess a fine against each, and the jury found them guilty,
and assessed the fine of $15 for an offense against the Sunday laws. This is a
finding of $15 against each of the defendants. (Paschal's Dig., Art. 1908.)

APPEAL from Guadaloupe. The case was tried before
Hon. JOHN IRELAND, one of the district judges.

The defendants were indicted as keepers of a grog-shop,
under the Sunday law, for that they engaged in the retail
of spirituous liquors on Sunday. The proof was that they
were the owners of a liquor-shop, and that certain persons
were seen to drink liquor there on Sunday. The jury
found them guilty, and assessed their fine each at $15.
The facts are more minutely stated in the briefs of counsel
and opinion of the court. The defendants appealed.

*John P. White*, for appellant.

*E. B. Turner, Attorney General*, for the state.

LINDSAY, J.—We do not think the errors assigned in
this case are sufficient to reverse it. The two main objec-
tions to the verdict and judgment are, that it does not
appear that the indictment was presented in open court by
the grand jury, and that the verdict and judgment were not
responsive to the charge of the court. To the first we
answer, every intendment must be indulged in favor of the
authority for the action of the court below in the trial of
the cause. To the second, we say the court properly
charged that, if the jury should find the defendants guilty,
they should assess a fine against them of not less than $15

nor more than $50. This is the law. The charge was, further, that if they found both guilty, they would say how much they would assess against each. The jury found both defendants guilty, and assessed the fine at $15. This was a several finding against each of $15, as each was guilty of the offense against the law; and the judgment was that the state recover of the defendants, not jointly, because there can be no legal partnership in crime, but severally, the sum of $15 of each, of which offense each was guilty, and for which each was required to stand committed until his offense was atoned for by the payment of his fine, by which alone he could purge himself from his guilt. The judgment of the court below is

AFFIRMED.

NOTE.—As this subject has been one of considerable interest in Texas, and as the law of 1866 has not been printed in any digest, it is here given in full.

*"An act amendatory of ' An act to punish certain offenses committed on Sunday,' approved December 16, 1863.*

"1. The above recited act is hereby amended, so that the same shall hereafter read as follows, to wit: That any person or persons who shall labor, or who shall hire, compel, or permit his or her employés, children, or apprentices, to labor on the Sabbath, the day known as Sunday, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than ten, nor more than fifty dollars: *Provided,* That household duties, works of necessity and charity, shall not be prohibited by this act: *Provided, further,* That this act shall not apply to any work done on sugar plantations during the sugar-making season, or any work that may be necessary to save any crop from being destroyed: *Provided,* This section shall not be so construed as to apply to the running of steamboats, or other water-crafts, rail-cars, wagon-trains, common carriers, or to the delivery of goods by them, or the receiving or caring for said goods by the parties, or their agents, to whom said goods are delivered, or to stages carrying the United States mail or passengers, foundries, sugar-mills, or to stock-keepers or herders who have a herd of stock actually gathered and under herd, or to persons traveling on the highway, or ferrymen, or keepers of toll-bridges, keepers of hotels and their servants, keepers of livery-stables and their servants: *Provided, further,* That this section shall not be construed so as to apply to any person who conscientiously believes that the seventh, or any other day of the week, ought to be observed as the Sabbath, and who actually refrains from secular business and labor on that day.

"2. Any person or persons who shall run, or be engaged in running, any horse-races, or engage in the sale or retail of spirituous or other intoxicating liquors, or who shall permit or allow the use of any nine or ten-pin alley or billiard-table, or who shall be engaged in match-shooting, card-playing, or any species of gambling, on Sunday, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than fifteen nor more than seventy-five dollars.

"3. Any person or persons who shall engage in hunting game, either with gun or dogs, or otherwise, on Sunday, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than five nor more than twenty-five dollars; and

if, upon the trial of any cause coming under the provision of this section, it shall be proved that the stock of any person has been injured or killed. which proof shall be admissible in all cases, the party or parties shall be fined double the amount before mentioned, and shall be adjudged to pay all damages to the person whose stock has been injured or killed.

"4. Any merchant, grocer, trader, or dealer in stock, wares, or merchandise, who shall .trade or barter the same on Sunday, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than ten nor more than fifty dollars."

The convention of 1866 passed an ordinance repealing this law. The repeal was disregarded by some of the district judges, and the power of the convention denied, so that whether it be repealed or not is a subject or future adjudication. For a valuable history on the Sunday question, see Gabel v. The City of Houston, 29 Tex., 335.