## P. FLYNN AND ANOTHER *v.* THE STATE.

JUDGMENT AGAINST JOINT OFFENDERS. — In a trial of co-defendants for a misdemeanor, the jury found them guilty and assessed "the punishment at $250 fine and six months' imprisonment in the county jail." The judgment imposed on each defendant separately the punishment assessed by the verdict. *Held*, that the verdict and judgment are erroneous. The verdict should have assessed against each defendant a separate fine. The case of *Bennett et al.* v. *The State*, 30 Texas, 530, overruled upon this question.

APPEAL from the County Court of Fort Bend. Tried below before the Hon. J. C. WILLIAMS, County Judge.

. *W. L. Davidson*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J.    Appellants were jointly prosecuted under an information for an aggravated assault.    The verdict of the jury was, " We, the jury, find the defendants guilty as charged in the information, and assess the punishment at $250 fine and six months' imprisonment in the county jail." Judgment was rendered against each defendant, and the punishment assessed by the jury imposed against each separately.

The verdict and judgment are erroneous.    It seems well settled " that, when several are joined in one indictment, a joint award of one fine against them all is erroneous ; for it ought to be several against each defendant, for otherwise one who has paid his proportionable part might be continued in prison till the others have all paid theirs, which would be in effect to punish him for the offence of another."    2 Hawk. P. C. 633 ; *The State* v. *Gay et al.*, 10 Mo. 277.

In *Strangham* v. *The State*, 16 Ark. 37, it was said : " In criminal cases, though several persons concerned in the same offence may be jointly indicted and tried together, * * * * yet each one is answerable for his own criminal conduct, and not for his associates' ; and the verdict and judgment against them should be several, — that is, should fix the fine or punishment to be paid or suffered by each ; but the judgment for costs may be joined."    Citing 4 Ark. 430 ; Whart. Cr. Law, 156, 694 ; *March* v. *The People*, 7 Barb. 393 ; 10 Mo. 440.

The same doctrine was declared by our Supreme Court in *Allen* v. *The State*, 34 Texas, 230.    The case of *Bennett and Harris* v. *The State*, 30 Texas, 521, in so far as it announces a different rule, is and will be hereafter considered overruled.    The judgment is reversed and the cause remanded.

*Reversed and remanded.*