M. W. BOREN ET AL. V. W. H. BILLINGTON ET AL.

No. 3241.

**1. Amendment of Pleadings.** — Article 1192, Revised Statutes, provides that "the pleadings may be amended under leave of the court upon such terms as the court may prescribe before the parties announce themselves ready for trial, and not thereafter." This provision is construed to be mandatory, and the refusal to grant leave to amend at a proper time has been held a ground for the reversal of the judgment.

**2. Same.** — A petition, however defective in substance, is certainly capable of amendment.

**3. Same—Signature of Counsel to Petition.**—Plaintiffs would have the right to amend by adding the signature of counsel to the petition. The refusal asked before trial is ground for reversal.

**4. Recitals.**—Although the judgment recites that the case was dismissed for want of prosecution, it is evident from other recitals and the bill of exceptions that the plaintiffs by counsel were in court asking leave to amend and resisting the dismissal of the case. The recital as to the reason for dismissal is disregarded.

APPEAL from Navarro. Tried below before Hon. RUFUS HARDY. The opinion states the case.

*Simkins & Neblett,* for appellants.—1. The court erred in dismissing the case.

(1) Because the petition shows the names of the parties plaintiffs and their cause of action, and was good and sufficient to require defendants to answer, whether signed or not.

(2) Because defendants had been cited, appeared, and answered, and the case was continued by consent before the motion to dismiss was filed.

(3) Because the petition was amended in vacation by adding the signatures of counsel for appellants before the motion to dismiss was filed. Sayles' Civ. Stats., art. 1195; Shelton v. Berry, 19 Texas, 154.

2. The court erred in refusing appellants permission to amend by adding the signature of counsel to the petition nunc pro tunc, because the petition being in other respects sufficient, and defendants having answered and the case having been continued by consent, the want of signature was waived. Sayles' Civ. Stats., arts. 1192, 1193; De Witt v. Jones, 17 Texas, 620; Trotti v. Hobby, 42 Texas, 349; Sims v. Redding, 20 Texas, 386; Hale v. Magole, 1 Ct. App. C. C., 854; Whittenberg v. Lloyd, 49 Texas, 633.

*H. L. Stone* and *Frost & Etheredge,* for appellees.—A paper filed in a court of record purporting to be a petition, but which is not signed either by the plaintiffs or by their attorneys for them, can not be considered as a pleading in the cause. Rev. Stats., art. 1186; Hemming v. Zimmerschitte, 4 Texas, 159.

GAINES, ASSOCIATE JUSTICE.—This action was brought by the appellants against the appellees for the partition of a tract of land. The petition was signed neither by the plaintiffs nor by their attorneys at the time it was filed. The attention of the attorneys having been called by the clerk to the omission, they signed it in vacation. At the first term of the court the citation to the defendant, the Houston & Texas Central Railway Company, was quashed upon its motion. The other defendants answered and the cause was continued. At the next term it was again continued by consent. At the third term the defendants filed a motion to dismiss the suit, upon the ground that the petition had been filed without having been signed, and that the signatures of the attorneys had been subsequently appended thereto without leave of the court. The plaintiffs resisted the motion, and asked leave of the court to amend the petition by permitting their attorneys to sign it nunc pro tunc. The court refused to grant the leave, and sustained the motion to dismiss. These facts appear by the judgment entry, as well as by a bill of exceptions, though the entry recites also that the suit was dismissed for want of prosecution. A motion to reinstate, with an offer to pay all costs that had then accrued, was filed by the plaintiffs, and was overruled. From the judgment dismissing the cause this appeal is taken.

Our statute in regard to pleadings in the District and County Courts provides that "the pleadings in said courts shall be in writing and signed by the party or by his attorney, and filed with the clerk of the court" (Rev. Stats., art. 1186); and it may be, as was practically held in Hemming v. Zimmerschitte, 4 Texas, 159, that a pleading not signed should not be regarded by the court. But in our opinion it does not follow that such a pleading can not be amended upon leave granted by the court. Article 1192 of the Revised Statutes provides that "the pleadings may be amended under leave of the court upon such terms as the court may prescribe before the parties announce themselves ready for trial, and not thereafter." The provision is construed to be mandatory, and the refusal to grant leave to amend at a proper time has been held a ground for the reversal of the judgment. Shelton v. Berry, 19 Texas, 154.

We know of no case in this court in which a refusal of the court to grant leave to amend, seasonably requested, has been sustained. It has even been held not error to allow an amendment after the trial had begun. A petition, however defective in substance, is certainly capable of amendment, and we see no reason why the right should be denied when the defect is one of form. The signature to a pleading is a formal requisite. The failure to comply with the requirement is an irregularity that may subject the pleading to be stricken out upon motion, or to be treated as a nullity by the court, but it is one which does not operate to the injury of the opposing party, and therefore its

amendment can not prejudice his rights upon the trial of the cause.

The judgment entry recites that the case was dismissed for want of prosecution, but it clearly appears both by other recitals and by the bill of exceptions that the attorneys of plaintiffs at the time of the dismissal were in court asking leave to amend and resisting a dismissal of the cause.

For the error of the court in refusing to allow the plaintiffs' attorneys to amend the petition by affixing their signatures thereto, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered November 6, 1891.