FIDELITY AND CASUALTY COMPANY OF NEW YORK v. S. D. LOPATKA.

Decided December 15, 1900.

**1. Judgment by Default—Answer Not Signed.**

Where counsel for defendant who resided in another county mailed to the clerk of the court an answer which was not signed, but which was filed two days before appearance day, and judgment by default was taken in the case for want of an answer, a motion to set aside such judgment, made within two days after its rendition, should have been sustained.

**2. Same—Proper Practice.**

Where defendant's answer is not signed, the proper practice is to except to it or move to strike it out on that ground before proceeding to take judgment by default for want of an answer.

APPEAL from the County Court of Tarrant. Tried below before Hon. M. B. HARRIS.

*Finley, Harris, Etheridge & Knight* and *Sidney L. Samuels,* for appellant.

*Bouldin & Mothershed,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought by appellee against appellant on an accident policy issued to William Foster, and assigned in part to appellee. Judgment by default, with writ of inquiry, was taken on appearance day for want of an answer. An answer, however, had been filed the day before, which seems to have been treated in rendering judgment by default as no answer, because it was not signed by appellant's attorney. Within two days after judgment was so rendered, appellant, through its attorneys, filed a motion to set it aside, which was overruled, and afterwards during the term judgment final was entered, from which this appeal is prosecuted.

We are of opinion that the court erred in refusing to set aside the judgment by default. The answer was prepared by appellant's attorneys, who resided in Dallas, and forwarded by mail to the clerk of the court at Fort Worth, accompanied by a letter signed by them requesting that it be filed in this case, which was accordingly done, as above stated. Evidently the failure of the attorneys to sign their names to the answer was a mere oversight, and should have been so treated by the court, since they were prompt in moving to set the default judgment aside, and by the facts stated in the motion, which was verified by affidavit, showed not only a reasonable excuse for their failure to prevent the default judgment, but also that appellant probably had a meritorious defense.

The case of Hemming v. Zimmerschitte, 4 Texas, 159, is relied on by appellee as authority for the court's action in treating what purported to be an answer as no answer at all because it was not authenticated by the signature of appellant's attorneys. In that case the trial court sustained the defendant's demurrer to the plaintiff's petition, which ruling was, on appeal to the Supreme Court, reversed because the petition was

held to state a good cause of action. The contention was made in the Supreme Court that the demurrer had been waived by the previous filing of an answer to the merits, but inasmuch as the Supreme Court held that the demurrers should have been overruled for want of merit, the question of waiver became an immaterial one, and was disposed of in the opinion of Chief Justice Hemphill in a brief paragraph of two sentences as unimportant, the next succeeding paragraph reading: "We will proceed, without further observation, to the important point in the case, viz., whether there was an error in the judgment sustaining the demurrer and dismissing the petition." It appears from the report of the case that the record contained a copy of a writing purporting to be an answer, filed April 3, 1847, which was not signed by the defendant or his counsel. Two years after the date defendant obtained leave to amend his answer, having in the meantime filed a general demurrer. Thereafter, April 17, 1849, the plaintiff amended his petition and on the same day the defendant filed another general demurrer, which was sustained by the trial court, and which ruling was, as already seen, reversed on appeal.

That case, therefore, does not seem to us to be authority for holding that on the call of the appearance docket the court may treat an answer filed by direction of the defendant or his attorney as no answer, merely because the name of the defendant in whose behalf it is filed, or his attorney, is not signed to it, and render judgment by default for want of an answer.

We think the correct view is expressed in the opinion of Justice Gaines, in Boren v. Billington, 82 Texas, 137, that such an answer is defective for want of a formal requisite, and that the proper practice is to except to it or move to strike it out on that ground before proceeding to take judgment by default for want of an answer. But, however this may be, we think the showing made in the motion to set aside the judgment entitled appellant to that relief, and because it was denied the judgment is reversed and the cause remanded. It is due the trial court to say that the letter above referred to was not brought to his attention when judgment by default was taken.

*Reversed and remanded.*