## Constantine Polnac et al. v. The State.

### No. 2771. Decided March 25, 1904.

**1.—Bail Bond—Dormant Judgment.**

In a proceeding to revive a dormant judgment against a principal and his sureties on a bail bond in a criminal case, it is not necessary that a copy of the petition accompany the writ, and where the original petition was not signed, it was not such error that could not have been amended on motion to quash and, therefore, could not be urged for first time in a motion in arrest of judgment.

**2.—Same—Return on Writ.**

Where the return shows that service was made on three different days on the parties, it will not be presumed that such service was made on each day on the same person; but that service was made on each of said parties, there being three dates of service and three named defendants.

Appeal from a final judgment upon proceedings to revive former

judgment on bail bond in the County Court of Scurry. Tried below before Hon. W. H. Harvey.

The opinion states the case.

*A. M. Craig* and *H. C. Hughes,* for appellant.—Under the decisions of our Supreme Court and Courts of Civil Appeals, the pleadings in a case can not be considered unless they are signed by the parties or their counsel. (Hemming v. Zimmerschitte, 4 Texas, 159; Boren v. Billington, 18 S. W. Rep., 101; First National of Montague v. Robertson, 22 S. W. Rep., 100), and certainly unsigned pleadings could not be used for the basis of a judgment by default.

This return was insufficient to show that a copy of the writ of scire facias and petition was served on each of the defendants, and quite a line of authorities sustain the position that such a return of service will not warrant a judgment by default against the parties defendant. King v. Goodson, 42 Texas, 152; Swilley v. Reliance Lumber Co., 46 S. W. Rep., 387; Rush v. Davenport, 34 S. W. Rep., 380; Chamblee v. Hufsmith, 44 S. W. Rep., 616.

Under the pleadings and service in this case the court was certainly in error in rendering judgment for the State against the appellants.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is an appeal from a judgment reviving a dormant judgment in the county court against Constantine Polnac, as principal, and his sureties, D. P. Strayhorne and Joe Strayhorne, sureties, on a bail bond in a criminal case. It appears that the judgment had become dormant for failure to issue an execution on same within twelve months after the rendition of said judgment. After the rendition of the judgment reviving said dormant judgment, appellants made a motion in arrest of judgment. The grounds of said motion were, first, because no pleadings had been filed by plaintiff that would authorize the clerk to issue citation requiring defendants to appear and answer said motion, or that warranted the court in rendering the judgment of revival; second, because defendants had not been legally cited to appear and answer said action. Appellants insist under the first ground of objection that the petition which accompanied the writ of scire facias was not signed by any attorney or person authorized to sign the same; nor was the original petition on file signed by any person. This contention is supported by the record. But we do not understand the failure to sign the petition to go to the legality of the scire facias to revive the judgment. This was a mere irregularity, which on motion was amendable; and if appellants had made a motion to quash the writ on this account the petition could have been signed nunc pro tunc by the attorney representing the plaintiff. Boren v. Bullington, 18 S. W. Rep., 101; Lander v. Mack, 56 S. W. Rep., 540; Fidelity and Cas. Co.

v. Lopatka, 60 S. W. Rep., 268. Besides, it is not necessary in a scire facias proceeding to revive the judgment, that any petition accompany the writ. The judgment is revived on mere motion. Hopkins v. Howard, 12 Texas, 7.

While appellants do not specify their objections to the service of the writ, but merely· say that the service was not legal, we presume they refer to the return on the back thereof, which is as follows: "Came to hand on the 4th day of February, 1903, and executed on the 6, 7 and 10 days of February, 1903, by delivering to the within named D. P. Strayhorne, Joe Strayhorne and Constantine Polnac ·a true copy of this writ, together with the accompanying certified copy of the petition. (Signed) W. A. Merrell, sheriff Scurry County, Texas; by L. C. Darby, deputy." If there is any objection to the return of service, it is because the word "each" is omitted therefrom. There are a number of cases to the effect that where two or more persons are returned served by the sheriff, he must show service upon ∙each. But these returns appear to have been of service made on one day. Fulton v. State, 14 Texas Crim. App., 32; King v. Goodson, 42 Texas, 152; Covington v. Burleson, 28 Texas, 368; Vaughan v. State, 29 Texas, 274. Here the return shows that service was made on three different days on the parties named. We will not presume that service was made on each day on the same person, but we believe a reasonable construction, on account of the enumeration of these several days, would signify that service was made on each of said parties—there being three days of service and three named defendants. We know of no case like this in the matter of return; but we hold that the return here was a sufficient legal return, and showed service was made on each of said defendants. Accordingly we hold that the court did not commit error in overruling the motion in arrest of judgment. The judgment is therefore affirmed.

*Affirmed.* :