SHIPP v. ANDERSON et al. (No. 6708.)

(Court of Civil Appeals of Texas. Galveston. Jan. 8, 1915.)

1. JUDGMENT ⬤⇒143—DEFAULT JUDGMENT—VACATION—GROUNDS.

A defendant, who after service of process promptly placed his case in the hands of an attorney, could not procure the setting aside of a default judgment for the failure of the attorney to perform the services for which he was employed.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291; Dec. Dig. ⬤⇒143.]

2. TENDER ⬤⇒9—TIME—BEFORE MATURITY—EFFECT.

A debtor cannot, before the maturity of his debt, compel his creditor to accept payment, and a tender before maturity is without effect.

[Ed. Note.—For other cases, see Tender, Cent. Dig. §§ 13–19; Dec. Dig. ⬤⇒9.]

3. JUDGMENT ⬤⇒101—DEFAULT JUDGMENT—DEFECT IN PETITION.

A default judgment, on a petition not signed by plaintiff or his attorney and not excepted to, is not void or voidable on that ground.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 168–170; Dec. Dig. ⬤⇒101.]

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by D. A. Shipp against A. R. Anderson and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Blake Dupree, of Houston, for appellant.
Woods, Harris & King, of Houston, for appellees.

McMEANS, J. On May 27, 1907, H. B. Rumsey sold and conveyed a lot of land to appellant, D. A. Shipp, for a cash payment of $70 and Shipp's 21 notes in equal amounts, aggregating $122, one note falling due each month thereafter, and reserving the vendor's lien in the notes and deed as security. Thereafter, on March 8, 1911, after the maturity of all the notes, Rumsey brought suit thereon and to foreclose the vendor's lien. Service of citation was had on Shipp in time to require him to answer at the April term, 1911, of the district court, which convened on the first Monday in April, and which could and did continue in session to the first Monday in June following. Shipp filed no answer in the case, and on the last day of the April term a judgment by default was rendered against him for the amount of the unpaid notes, interest thereon, and attorney's fees aggregating $164.16, foreclosing the vendor's lien on the lot and ordering the same sold in satisfaction of the judgment. A new trial of the case was not sought at the term in which the judgment was rendered, and no appeal from said judgment was prosecuted.

On August 30, 1911, plaintiff brought this suit as an original proceeding in equity to set aside said judgment and reopen the case and retry same upon its merits, praying for an injunction to restrain Rumsey and A. R. Anderson, who was then sheriff of Harris county, from selling the property under an order of sale issued in said case. Appellant in his petition undertook to show that he had a good excuse for his failure to file an answer and make his appearance at the April term of the court, and that he had a good defense to plaintiff's cause of action, and to this end alleged, in substance, that upon being served with citation he immediately employed an attorney, E. B. Mentz, to defend him in the suit, and gave him $10 in part payment of his fee to be charged for his services; that Mentz stated to him that he would give the suit proper care and attention, and that he (Shipp) could return to Ft. Bend county, where he was at work, and that he would give him notice of the setting of the case and when his presence would be necessary; that he returned to his work; and that on or about the middle of June, 1911, having returned to Houston, he learned that Mentz was dead and then learned of the rendition of the default judgment against him. As a defense to the original suit, he alleged that he owed Rumsey only a balance of $80 of the purchase money for the lot, and that he tendered said sum to Rumsey and demanded a release of the vendor's lien for record in the deed records of Harris county, but that Rumsey refused to execute a release or do more than to give him a simple receipt for the amount so tendered, although the notes at that time had been lost or destroyed, and that in these circumstances he refused to pay said sum to Rumsey. Before the trial of this case, he tendered said sum to Rumsey and deposited the same in the registry of the court. He further alleged that the petition upon which the original suit was tried was not signed by the plaintiff or his attorney. Upon the filing of the petition, which was sworn to by Shipp, and upon presentation of same to the Honorable Wm. Masterson, district judge, a temporary injunction was granted and served on the defendants restraining them from selling the lot pending a trial on the merits. Afterwards the case was tried on the merits before the court without a jury, and resulted in a judgment for the defendants, vacating the temporary injunction theretofore granted, and directing the defendant Anderson and his successor in office, as sheriff, to execute the order of sale theretofore issued, from which judgment Shipp, the plaintiff in this proceeding, has appealed.

[1] It appears that upon the trial the court, not only entered upon a hearing of the facts offered by Shipp to excuse his failure to enter his appearance at the term at which the former judgment was rendered, but heard evidence proffered by both parties upon the right of Rumsey to recover in the former suit. Upon the issue of failure to file his answer, Shipp, by his testimony, proved facts substantially as alleged by him. It was shown by testimony offered by defendants, however, that the attorney Mentz was present at the convening of the April term, 1911, of the court and was present when the appearance docket was called; that he was in and about the courthouse from time to time during the term and at his office attending to business for more than six weeks after the court convened; and that he did not die until about the time the default judgment was rendered. There is no question as to his failure to file an answer for Shipp. It may be conceded that Shipp acted with the promptness and care of an ordinarily careful business man in placing his case in the hands of an attorney after he was served with citation, but the excuse offered for himself cannot excuse the failure of his attorney to perform the service for which he was employed. Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100.

[2] Upon the other issue Shipp testified, as alleged by him, that he only owed Rumsey a balance of $80 for the purchase money of the lot, and that he tendered this sum to Rumsey and demanded the execution and delivery by Rumsey of a release of the vendor's lien which Rumsey refused to execute, offering to give him only a receipt for the sum offered although at that time the notes were lost or destroyed. Upon cross-examination, however, he testified that the offer to pay said sum was in 1907 or 1908, at a time before the maturity of all of the notes. He further testified:

"This deed (the deed from Rumsey to himself) recites a cash consideration of $70 paid, and the execution of 21 vendor's lien notes amounting to the sum of $122. After that deed was executed and that $70 paid, I never did pay him one nickle other than the $15 I have testified about."

This payment, it seems, was credited upon the notes and formed no part of the amount for which the former judgment was rendered. This part of his testimony was substantiated by Rumsey, who testified that other than the cash payment of $70 and the $15 credited on the notes, which was not included in the judgment, Shipp had paid him nothing.

Under these facts, the court correctly rendered judgment for the defendants. Conceding that Shipp tendered to Rumsey payment of all the notes, yet, if this was before their maturity, he had no right to compel Rumsey to accept payment at that time, and his own testimony conclusively shows that the notes were not due at the time the tender was made. Besides this, according to Shipp's testimony above set out, there was more due upon the notes than he tendered.

[3] The fact that the petition in the original suit was not signed by plaintiff or his attorney did not render the judgment void or voidable. It was not excepted to in the court below on this ground, but judgment was allowed to be taken upon it. In Hemming v. Zimmerschitte, 4 Tex. 159, Judge Hemphill uses this language:

"There is in the transcript a copy of a writing purporting to be an answer; but it is not authenticated by the signature of either the defendant or his attorney, and cannot properly be classed among the pleadings in the cause."

In Boren v. Billington, 82 Tex. 137, 18 S. W. 101, Justice Gaines had occasion to review the holding in the Zimmerschitte Case, above copied, and reached the conclusion that, while a pleading wanting in such formal requisite is defective, the proper practice is to except to or move to strike it out on that ground before the judgment by default is granted. Both of these cases are discussed by Justice Stevens in Fidelity, etc., Co. v. Lopatka, 24 Tex. Civ. App. 536, 60 S. W. 268, where a judgment by default was set aside; it being shown that un unsigned answer was on file among the papers of the case at the time the default judgment was taken; and the reasons by which the conclusions were reached are approved by us. In the Boren Case it was held that a pleading which is defective for want of the signature of the party or his attorney may be amended; and in Cochran v. Thomas, 131 Mo. 258, 33 S. W. 10, it is held that, the pleading in such case being amendable, the rule is that judicial proceedings that are amendable are not void.

We are of the opinion that no reversible errors have been pointed out by the assignments, and the judgment of the court below is affirmed.

Affirmed.