## PARVIN v. BYERS. (No. 12109.)

Court of Civil Appeals of Texas. Fort Worth. March 9, 1929.

Appellant's Rehearing Denied April 8, 1929.

S. A. Crowley and Paddock, Massingill & Belew, all of Fort Worth, for appellant.

McCart, Curtis & McCart, of Fort Worth, for appellee.

BUCK, J. This cause of action arose over a collision between the cars of P. A. Byers and A. F. Parvin. The car of P. A. Byers was being driven by his daughter, Mrs. H. W. Greene, and was coming north on Jones street in the city of Fort Worth. Mrs. Greene's sister, Mrs. Bernice L. Gibson, of Muskogee, Okl., was riding in the car with Mrs. Greene and on the front seat. A. F. Parvin was going south on Jones street, and when he got opposite one of the driveways leading into the old Texas Brewery, now occupied by an ice factory, a wholesale meat market, and other business concerns, he turned his car east across Jones street. The driveway mentioned was immediately south of East Ninth street. The collision of the cars occurred just before Parvin's car reached the driveway leading into the brewery property. Both cars were damaged.

P. A. Byers filed suit in the justice court for damages against Parvin in the sum of $95, on September 12, 1927. From a judgment in favor of plaintiff and against defendant in the sum of $30, the plaintiff appealed to the county court. For cause of action in the latter court, the plaintiff alleged: That on September 8, 1927, his daughter Mrs. H. W. Greene, was driving a Ford car belonging to the plaintiff along the east side of Jones street in a northerly direction, and about the middle of the block immediately south of Ninth street. That Mrs. Greene was driving said car in a careful and lawful manner and at a lawful rate of speed and near the right-hand side or east curb of Jones street. That defendant was driving his car in a southerly direction and on the west side of Jones street and on the left-hand side of plaintiff's car.

That suddenly and without warning said Parvin turned his car from the west side of Jones street in an easterly direction towards the east side of Jones street, without giving any warning or signal of any kind or character, and collided with and ran into plaintiff's car, and seriously and permanently damaged the same in various respects. That the defendant, in driving his car in the manner he did at the time and place, violated the following city ordinance of the city of Forth Worth, to wit: Section 7, art. 3, c. V, of title VII, which provides that a vehicle in crossing from one side of the street to another, shall do so by passing the center of the intersecting street before turning to the left, and then heading in the direction of the traffic on that side of the street. That defendant violated section 48 of article 3, c. V, tit. VII, of the Revised Ordinances of the City of Fort Worth, which provides that no person or vehicle shall cross any street, boulevard, or highway other than at the intersection of two streets. That defendant further violated section 19 of the same article, chapter, and title as noted above, which provides that all vehicles and street cars going in a northerly or southerly direction shall have the right of way over all vehicles and street cars going in an easterly or westerly direction. That defendant further violated subdivision A of the Penal Code of Texas, and sudivision K, art. 801. Plaintiff alleged that said violations, each and all, constituted a proximate cause of the injuries and damages complained of. In the county court, plaintiff alleged his damages to be in the sum of $125.

The defendant pleaded orally: That the collision was caused by the negligence of the driver of plaintiff's car. That she was negligent, in that she exceeded the speed limit of 35 miles an hour, thus violating article 789 of the Criminal Statutes (Pen. Code). That she was driving the car at such a rapid rate of speed as to endanger the life and limb and property of people on the street, thereby violating article 790 of the Criminal Statutes (Pen. Code). That she violated article 794 of the Penal Code in that she was attempting to pass another vehicle going in the opposite direction and did not slow down to a speed of 15 miles an hour. That she was violating the City Ordinance, chapter I of the Traffic Laws of the City of Fort Worth, requiring vehicles to keep as near as possible to the right-hand curb, and that any vehicle overtaking another and seeking to pass same, shall first signal and then pass to the left, and shall not pull over again to the right until entirely clear of the vehicle passed.

Defendant further pleaded that the driver of plaintiff's car discovered the defendant in the position of peril when she could have avoided the accident, and did not use the means at her command to avoid said accident.

Defendant further pleaded that each and every act of negligence on Mrs. Greene's part, and her failure to keep a proper lookout, contributed to the accident and was the proximate cause thereof, and that by virtue of those facts this collision occurred, and defendant's car was damaged as a consequence. He pleaded as a cross-action that his car was damaged to the extent of $50.

The cause was submitted to a jury on special issues. The court, after defining "ordinary care," "negligence," and "proximate cause," further instructed the jury: "You are instructed that the violation of sections 7, 19, and 48 of article III, chapter V, title VII of the Revised City Ordinances of the City of Fort Worth, by the defendant on the occasion in question was negligence."

The following issues were submitted as indicated:

"1. Was such negligence the proximate cause of the collision in question? Answer: Yes.

"2. What was the reasonable market value of the plaintiff's car immediately before the collision in question? Answer: $500.

"3. What was the reasonable market value of the plaintiff's car immediately after the collision in question? Answer: $400.

"4. What was the reasonable market value of the defendant's truck immediately before the collision in question? Answer: $200.

"5. What was the reasonable market value of the defendant's truck immediately after the collision in question? Answer: $160.

"6. At what rate of speed do you find that the plaintiff's car was being driven at the time of the collision in question? Answer: 18 miles per hour.

"7. Was the speed which you have found that said car was being driven negligence on the part of the plaintiff? Answer: No.

"8. Did the driver of the plaintiff's car at the time and place in question discover the defendant in such a position of peril on the highway that she could, in the exercise of ordinary care and commensurate with her own safety, have avoided the collision in question, by the use of all the means at her command? Answer: No."

Upon this verdict, the court entered judgment in favor of plaintiff for $100, from which judgment the defendant has appealed.

Opinion.

Defendant's amended motion for a new trial is quite lengthy, setting up some fifteen assignments of error, including the ground of newly discovered evidence. But the attorneys did not sign the motion. It appears that the defendant himself signed and swore to the grounds contained in the original motion of newly discovered evidence. Appellee urges that, inasmuch as the motion is not signed by the attorneys of appellant, there are no assignments of error in the record, and that there-

are no fundamental errors shown apparent on the face of the record, and that this case should be affirmed. The plaintiff below made no objection to the motion for new trial for lack of signature of defendant's counsel. The signature to the pleadings of plaintiff or defendant is a formal requisite, but advantage taken thereof must be by motion to strike. The failure to make such motion waives the absence of the signature of counsel.

In Boren v. Billington, 82 Tex. 137, 18 S. W. 101, Justice Gaines says: "The signature to a pleading is a formal requisite. The failure to comply with the requirement is an irregularity that may subject the pleading to be stricken out upon motion, or to be treated as a nullity by the court, but it is one which does not operate to the injury of the opposing party, and therefore its amendment cannot prejudice his rights upon the trial of the cause."

In the case of Fidelity & Casualty Co. of New York v. Lopatka, 24 Tex. Civ. App. 536, 60 S. W. 268, opinion by Justice Stephens of this court, it was held that, where defendant's attorneys forwarded an answer by mail to the clerk of the trial court, with a request that it be filed in the cause, but neglected to sign their names to the pleading, a judgment by default against defendant should be set aside on defendant's motion, verified by affidavit, showing a reasonable excuse for failure to prevent default judgment, and that it had a meritorious defense. The court said: "Evidently the failure of the attorneys to sign their names to the answer was a mere oversight, and should have been so treated by the court. * * * We think the correct view is expressed in the opinion of Justice Gaines in Boren v. Billington, 82 Tex. 137, 18 S. W. 101, that such an answer is defective for want of a formal requisite, and that the proper practice is to except to it, or move to strike it out on that ground before proceeding to take judgment by default for want of an answer."

See O'Donnell v. Chambers, 163 S. W. 138, by the Amarillo Court of Civil Appeals; Shipp v. Anderson (Tex. Civ. App.) 173 S. W. 598.

Appellee's motion to strike the amended motion for new trial from the record is overruled.

Error is urged to the action of the trial court in giving this charge: "You are instructed that the violation of sections 7, 19, and 48 of article III, chapter V, title VII of the Revised City Ordinances of the City of Fort Worth by the defendant on the occasion in question was negligence"—for the reason that there was no pleading and no evidence to support such instruction, and for the further reason that the same is prejudicial and inflammatory, and for the further reason that the charge assumes that these ordinances and statutes were violated, and is therefore on the weight of the evidence.

There are no ordinances shown in the statement of facts. While we must take judicial cognizance of the charters of our cities, evidence of the contents of any ordinance relied on must be introduced in evidence. Moreover, we think that the evidence is conflicting as to witness Parvin, in turning across the street in order to drive into the driveway, violating the spirit of the ordinance pleaded but not proven, as given in section 7, art. 3, c. V, of title VII, which provides that a vehicle, in crossing from one side of the street to another, shall do so by passing the center of the intersecting street before turning to the left, and then heading in the direction of the traffic on that side of the street; and also the designated ordinance pleaded but not proven, as shown in section 48, art. 3, c. V, of title VII of the Revised Ordinances of the City of Fort Worth, "which provides that no person or vehicle shall cross any street, boulevard or highway other than at the intersection of two streets."

Mrs. H. W. Greene, the driver of plaintiff's car, testified that she knew where the brewery property was and knew that the driveway into which Mr. Parvin was turning was there, and further knew that people went in and out of these driveways at all times of the day.

Witness F. W. Steinfeldt testified: "There is a space between the office and the engine room of the brewery property of approximately 50 feet and there are two driveways and one goes over next to the office and one next to the engine room. * * * These driveways are used by the public generally, and I would say from 75 to 100 cars a day go in and out of them and have been using them for 25 years. One of the driveways was just opened recently. It is customary for cars going south on Jones Street to turn to the left and go into the brewery driveway."

Witness Wright testified as follows: "Those driveways at the brewery are used generally by the public. At that time a large number of cars used the driveways. They were used by many trucks and wagons and the produce people who have business with the brewery."

Defendant Parvin testified: "When I stopped out in the street and before I started up again, I held out my hand—that is a signal I was going to turn. I did this before I started up again and after the boy who testified here this morning had gone on down the street. * * * I saw Mr. Byers' car when, as I would judge, it was about 150 feet down the street."

Some of us are inclined to think that the driving into these driveways from across the street was not in violation of the spirit of these two pleaded but not proven ordinances. But we do not find it necessary to so decide, inasmuch as the ordinances are not in the statement of facts.

Defendant pleaded that plaintiff was guilty of contributory negligence, in that she failed to keep a proper lookout for cars crossing the street, and to use all means at her command to avoid the collision.

Mrs. Greene testified: "When I first saw Mr. Parvin he was about 50 feet away. I may have seen him 50 feet away, but I did not notice him turning toward me until he was about 10 feet away. I did not give any kind of a signal when I saw Mr. Parvin's car."

Mrs. Bernice Gibson testified: "Mrs. Greene, the driver of plaintiff's car, did not sound her horn."

Defendant Parvin testified: "There were two in the car and both were looking at the brewery. The one who was not driving saw me first and gave the alarm and when the other one saw me she could not stop but went right against me. * * * If Mrs. Greene had been looking there was plenty of room for her to drive behind me and miss me. She was driving pretty fast though, I could not say just how fast. I have been driving a car about eight years, during which time I have had occasion to judge the speed of automobiles and from this experience I would say that she was driving at least twenty miles an hour or more. The reason I think Mrs. Gibson saw me first was because I seen her looking and saw her throw up her hands like this. The other woman then just threw up her hands and we were together by that time."

Defendant below requested a number of special issues, which were rejected. One of these issues was as follows: "Was such failure to keep a lookout for approaching vehicles negligence on her part under the circumstances and on the occasion in question?"

We think this charge should have been given under the evidence.

For the reasons stated, the judgment of the court below is reversed, and the cause is remanded for another trial not inconsistent with this opinion.

### Appellant's Motion for Rehearing.

Appellee urges that the three ordinances relied upon, and pleaded by appellee, and of which the statement of facts shows were offered in evidence by the numbers, title, chapter, article, and section of the Revised Ordinances, but were omitted from the statement of facts as filed in this court, must be regarded as in the statement of facts.

He cites Offeciers v. Dirks, 2 Tex. 468; Laird v. State, 15 Tex. 317; Rice v. Lemon, 16 Tex. 593; Bennett v. State, 30 Tex. 521; Lindly v. Lindly, 102 Tex. 135, 113 S. W. 750—authorities holding that all presumptions consistent with the record must be indulged "in favor of the right of action by the trial court," that this court should presume under the above authorities that the ordinances as introduced were in accord with the ordinances as pleaded by appellee, and that the trial court did not err in submitting the violation of said ordinance to the jury.

But, irrespective of the failure of the statement of facts to include said ordinances relied upon, and irrespective of the bearing that such failure should have upon this court as to whether it should consider as in evidence said ordinances, we think that there is error in the record upon another matter.

Defendant below pleaded that the driver of plaintiff's car discovered the defendant in a position of peril at a time when she could have avoided the accident and did not use the means at her command to avoid such accident.

Defendant further pleaded that the negligence on the part of the driver of plaintiff's car, and her failure to keep a proper lookout, contributed to the accident and was the approximate cause of the accident. The court did submit the question of discovered peril, but did not submit the question as to whether or not the driver of plaintiff's car failed to keep a proper lookout for cars crossing the street ahead of her, and whether such failure was negligence or contributory negligence, and contributed to the accident. We believe, as stated in our original opinion, that the failure to submit the issue, "Was such failure to keep a lookout for approaching vehicles negligence on her part under the circumstances, and on the occasion in question?" should have been given.

The evidence tended to show that Mrs. Greene and her sister were both looking at the brewery just before the collision; that Mrs. Greene saw the Parvin car on the west side of the street when she was some distance south of the driveway, perhaps 150 feet away, but did not see said car again until she was within 10 feet of it. If this be true, then, if she had been looking ahead, she would have see Parvin as he attempted to cross Jones street, and could have avoided the collision.

The motion for rehearing is overruled.