## ARMSTRONG et al. v. AMERICAN BANK & TRUST CO.

### No. 12654.

Court of Civil Appeals of Texas. Fort Worth.

May 13, 1933.

Rehearing Denied Oct. 21, 1933.

George W. Armstrong and R. C. Armstrong, Jr., both of Fort Worth, for plaintiffs in error.

Raymond E. Buck, of Fort Worth, for defendant in error.

CONNER, Chief Justice.

This appeal is from an instructed verdict and judgment in favor of appellee bank in the sum of $20,499, with interest thereon at the legal rate from the date of the judgment.

The facts out of which the litigation grew are in briefest form as follows:

On January 2, 1923, George W. Armstrong was insolvent, and had pending an application in the proper bankruptcy court to be discharged from the payment of his debts. He was possessed of a large amount of property, and was largely indebted. Among other debts listed by him in the proceedings was an indebtedness aggregating $21,500 due the Fort Worth State Bank. Believing that, if given time, he could realize enough out of the large property scheduled to more than discharge his indebtedness, which he was desirous of doing, he, on that day, to wit, January 2, 1923, induced his friend, John H. Kirby, to borrow from the State Bank $20,000 with which to buy in the bankrupt stock, sell the same under favorable conditions, deduct all expenses and charges incurred, and deliver back to Armstrong all of the property left, with which Armstrong proposed to pay all of his debts, regardless of his discharge in bankruptcy.

With such end in view, Armstrong approached the president of the Fort Worth State Bank, and, to induce the desired loan to Kirby, proposed that he would agree to pay to the bank said listed indebtedness to it if the bank would loan to Kirby the necessary $20,-000. The bank agreed to the proposition, loaned Kirby the $20,000 for which he gave his promissory notes and which he later paid in full. In a few days after the loan to Kirby, Armstrong on, to wit, January 18, 1923, gave his note to the State Bank as he had promised to do for $21,500 covering the aggregate amount of his indebtedness to that bank. A few days later Kirby indorsed this note as an accommodation to Armstrong.

The note for $21,500 last above referred to was extended by the State Bank from time to time, and by payment reduced to the sum of $17,000, when it was by formal transfer of the state bank commissioner, who had in due form liquidated the assets of the Fort Worth State Bank, conveyed the said $17,000 note, together with other assets of the bank, to the appellee American Bank & Trust Company.

Kirby not only indorsed the $21,500 note when given, but also all renewals thereof until March 7, 1929, when, pressed for payment by appellee bank, Kirby secured another extension by executing his four promissory notes, each in the sum of $4,250, payable in 6, 12, 18, and 24 months. The first of these notes not having been paid at maturity, all were declared to be due by virtue of accelerating clauses, and the whole constitutes the foundation of appellee American Bank & Trust Company's action.

Armstrong did not sign the four notes executed by Kirby, but had a pending suit against the appellee bank to cancel them, and his suit was consolidated with the suit of appellee bank and the two tried as one; the defense of Kirby and Armstrong's complaint being based on the same state of facts as hereinabove noted.

■■ In disposing of the case, it is only necessary that we notice two contentions in behalf of appellants. It is insisted that the Armstrong note for $21,500 of January 18, 1923, was without consideration and usurious, and that the taint of usury inhered in all subsequent renewals, including those sued on in this action. It is further insisted that Kirby was a mere accommodation maker of all notes indorsed or made by him, of which the appellee bank had due notice.

We think the questions so presented must be disposed of adversely to appellants. The real consideration for Armstrong's note of $21,500 was his moral obligation to pay to the State Bank his indebtedness. It was not given as payment of interest on the notes given by Kirby for the $20,000, and the mere fact that the promise to pay this note may have incidentally operated, if it did so, as an inducement to the State Bank to make the Kirby loan, is not material.

It was determined in what may be termed a companion suit that a note given in renewal of an indebtedness discharged in bankruptcy is based on, and supported by, a sufficient consideration, and this is true though the note given in reinstatement of all indebtedness was given before the discharge but after the petition in bankruptcy was filed. See Armstrong v. City National Bank of Galveston (Tex. Civ. App.) 16 S.W.(2d) 954; Zavelo v. Reeves, 227 U. S. 625, 33 S. Ct. 365, 57 L. Ed. 676, Ann. Cas. 1914D, 664.

It was also held in another companion case of Armstrong v. Continental National Bank (Tex. Civ. App.) 44 S.W.(2d) 1111, writ refused, that the giving of a note for the amount of a new loan, plus a note for the amount of a note discharged in bankruptcy, did not render the transaction usurious.

It may be admitted that Kirby was an accommodation maker, as by him claimed, and that appellee bank had notice of that fact, but, in addition to the fact that Kirby obtained extensions of Armstrong notes, it is also expressly provided in article 5933, § 29, of the Negotiable Instrument Act, that: "An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or in-

dorser, without receiving value therefor, and for. the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

See, also, Camp v. Dallas Nat'l Bank, 36 S. W.(2d) 994, by Section A of our Commission of Appeals, where it is distinctly held that an "accommodation maker of note is liable to holder for value, notwithstanding such holder knew at time of taking note that maker was only accommodation maker."

The defense, therefore, that Kirby was an accommodation maker, must also fall, for we find no contradiction to the evidence that appellee bank, in taking over the assets of the State Bank, paid dollar for dollar for the $17,000 note in lieu of which the four notes declared upon in this suit were executed.

The record discloses that Armstrong did not sign the notes declared upon in this suit, but the pleadings of the parties are broad enough to show that he is justly liable thereon, and we find that he, in open court, admitted that he was liable to pay them if Kirby was.

We accordingly conclude that the judgment must be in all things affirmed as to both Armstrong and Kirby.

### On Motion for Rehearing.

PER CURIAM.

In the original opinion handed down the following was said:

"A few days after the loan to Kirby, Armstrong on, to wit, January 18, 1923, gave his note to the State Bank as he had promised to do for $21,500 covering the aggregate amount of his indebtedness to that bank. A few days later Kirby indorsed this note as an accommodation to Armstrong."

There was a clerical error in that statement which is withdrawn and the following is filed as a substitute therefor:

"Two and one half months after the loan to Kirby, Armstrong, on to wit: April 18th, 1923, gave his note to the State Bank, as he promised to do, for Twenty One Thousand Five Hundred Dollars, covering the aggregate amount of his indebtedness to that bank. The note of April 18th, 1923, was taken up and replaced by a second note dated April 27th, 1923, and Kirby indorsed this latter note as an accommodation to Armstrong."

The outstanding facts recited in this corrected statement doubly assure the correctness of the instructed verdict. In Armstrong v. City Nat'l Bank (Tex. Civ. App.) 16 S.W. (2d) .954, the transaction by which the new money was loaned and the bankruptcy debt was revived was one and the same, and gave some color to appellant's contention that he

was illegally forced to renew the old debt in order to obtain the new loan—color which in that case and in Armstrong v. Continental Nat'l Bank (Tex. Civ. App.) 44 S.W.(2d) 1111, was held had no substance.

If those decisions are correct, and we do not question them here, then in this case, where the new money was obtained and the note therefor made, the proceeds thereof spent by appellants, and months later, when no power of any court could have made Armstrong renew the bankruptcy debt, and the pressure of obtaining new money was relieved weeks before, it makes certain that the only moving force which induced appellant Armstrong to sign the revival of the bankruptcy debt was the moral obligation arising from the justice of same.

Furthermore, the corrected statement has ample support in the testimony of plaintiff in error, George W. Armstrong himself, a part of which is as follows:

"I told Mr. Bright that I did not want Mr. Kirby to have to pay my debts from which I had been discharged; that I wanted time to pay them myself. * * *

"I was optimistic about selling my property and probably getting in quite a large income, and if I had to pay taxes and debts too I could not do that. I did want my obligations in such shape that if I sold the property I would have credit for what I had to pay on account of these old debts, and I may have had in mind as one of the reasons—one of the motives which may have actuated me in the matter may have been the matter of getting my debts in such shape that they could be so counted. * * *

"I think I did tell them that I would not reinstate any note for any bank which did not help me get on my feet, and those banks which did help me would be paid in preference to others. They knew when I got discharged from my debts that eventually I would be able to pay."

Also the following from his letter which was introduced in evidence: "I chose the plan of borrowing from my creditors deliberately, because I wanted to pay them and wanted to be in a position to offset such payments against income taxes, and not because that was the only way I could get money."

And the following is stated in briefs filed in this court for both plaintiffs in error: "All the facts of this case are fully developed on the pleas of plaintiff in error Kirby. There is no occasion therefore to remand this cause for further trial if error has been committed by the court in sustaining the demurrer. * * * We concede that this is a case for instructed verdict because of no conflict in this testimony. But the trial court gave the instructions for the wrong party."

With the foregoing correction, we adhere to

the conclusion reached on original hearing, and the motion for rehearing, which has been duly considered, is overruled.