### JAMES v. HADA et al.
### No. 2484.

Court of Civil Appeals of Texas. Beaumont.
Dec. 21, 1933.

Rehearing Denied Jan. 3, 1934.

Fred A. White, of Port Arthur, for appellant.

A. A. Gunter, of Port Arthur, for appellees.

WALKER, Chief Justice.

This suit was filed in the county court of Jefferson county at law by appellant, J. E. James, against J. F. Hada and his father, appellee W. F. Hada, upon a promissory note executed by the defendants to appellant, dated August 12, 1930, due twelve months after date for the principal sum of $420, with interest at the rate of 10 per cent. per annum and 10 per cent. additional as attorney's fees. Defendant J. F. Hada made no contest against appellant's petition, and judgment was taken against him for the sum of $568.50, with interest from the 10th day of February, 1933, etc., from which there was no appeal. Appellee W. F. Hada, admitted the execution of the note as pleaded by appellant, but pleaded further to the effect that he joined in the execution of the note at the special request of appellant and only for his accommodation. Appellant replied to this answer denying its affirmative allegations and pleaded specially that the note sued upon was given in renewal and extension of a prior note for the same amount executed only by defendant J. F. Hada, secured by a mortgage lien upon J. F. Hada's automobile which was well worth the amount of the note; that when the prior note matured appellee came to him and offered to join in the execution of a new note provided appellant would not foreclose his mortgage lien against the automobile; and at the request of appellee and upon his promise and agreement to join in the execution of the new note he extended the payment of the

amount due for twelve months by taking the note sued upon and, as a further consideration to appellee for joining in the execution of the new note, he released the mortgage lien against the automobile. Appellee was giving the opening and closing in the introduction of evidence and argument to the jury. Without reviewing the testimony of the witnesses, it is sufficient to say that the testimony offered by appellee supported his allegations to the effect that he was only an accommodation maker for the use and benefit of appellant; while the testimony of appellant supported his allegations that the note sued upon was executed by appellee not as an accommodation maker, but upon the consideration that the time of payment of the original indebtedness was extended for twelve months and the mortgage lien on the automobile was released. The case was submitted upon the following question, to which the jury returned an affirmative answer: "Do you find from the preponderance of the evidence that W. F. Hada signed the note herein sued on, for the accommodation of J. E. James?" In connection with this question the court gave the following definition of "accommodation party": "The term 'accommodation party', as used in this charge, means a person who has signed an instrument in writing as a maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person for the benefit or accommodation of such other person." The verdict was the basis of the judgment of the lower court in favor of appellee, from which the appeal was duly prosecuted to this court.

## Opinion.

■ The court erred in overruling appellant's exceptions to the charge by refusing to define the term "without receiving value therefor," as used in the definition just quoted. Section 191 of the Uniform Negotiable Instruments Act (article 5948), defines "value" as "'value' means valuable consideration"; and section 25 (article 5933), "value is any consideration sufficient to support a simple contract." The term "valuable consideration," as used in section 191, and the definition of "value" as "any consideration sufficient to support a simple contract," as used in section 25 are highly technical in their nature. The following definition, taken from 10 Tex. Jur. 122, well illustrates the necessity of a clear definition of these terms in connection with the issue submitted to the jury:

"A valuable consideration may be either a benefit to the promisor or a detriment to the promisee,—or, stated in another way, it may consist of some right, interest, profit or benefit accruing to one party, or some forbearance, loss or responsibility given, suffered or undertaken by the other. Again, to constitute a consideration, either some benefit must flow to, or some injury must be received by, one or other of the parties.

"There can be no question as to the sufficiency of the consideration where there is both a detriment to one party and a benefit to the other. It is not necessary, however, that the promisor shall have received a benefit; it is sufficient if the promisee has parted with some legal right or has sustained a legal injury, as an inducement for the promise which is sought to be enforced.

"The promisor receives a benefit when, in return for his promise, he acquires some legal right to which he would not otherwise have been entitled, and the promisee suffers detriment when, in return for the promise, he forbears some legal right which he otherwise would have been entitled to exercise."

The definition as given by the court was calculated to induce the jury to believe that appellee was an accommodation party unless he received a consideration personal to himself and for his own use and benefit; while the law is that appellee was a principal if he joined in the execution of the note on condition that appellant extend the payment of the principal amount for twelve months or release the mortgage lien against his son's automobile. Armstrong v. American Bank & Trust Co. (Tex.Civ.App.) 63 S.W.(2d) 906.

■ Under Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517, it was reversible error to refuse to submit the issue: "Did J. E. James extend the time of payment of the indebtedness owed him by J. F. Hada, for a period of twelve months, for reason of the fact that W. F. Hada executed the renewal note with J. F. Hada?" This question carried to the jury affirmatively the very issue constituting appellant's cause of action against appellee, in answer to his plea of "accommodation party." This question was neither on the weight of the evidence nor duplicitous. Under all the facts appellant extended the time of the payment of the principal indebtedness due by J. F. Hada for the period of twelve months. The only controverted issue was whether or not, for the consideration of this extension, W. F. Hada joined in the execution of the renewal note.

■ The court did not err in refusing to define the term "drawer," "acceptor," and "indorser," as used in the definition of "accommodation party." This follows because there was no issue in the case of indorser, acceptor, or drawer. But upon another trial the term "maker" should be defined.

For the reasons stated the judgment of the lower court is reversed, and the cause remanded for a new trial as between appellant and appellee.

Reversed and remanded as to appellee W. F. Hada.