## HADA v. JAMES.

### No. 3023.

Court of Civil Appeals of Texas. Beaumont.

Dec. 24, 1936.

A. A. Gunter, of Port Arthur, for appellant.

Fred A. White, of Port Arthur, for appellee.

WALKER, Chief Justice.

This is the second appeal of this case; we refer to and adopt our statement of the nature of this suit, given in our opinion on the former appeal. James v. Hada, 66 S.W.(2d) 365. After the remand, W. F. Hada died, and Roeva Hada, his sole heir, was made party defendant. On trial to the court without a jury, she admitted the execution of the note in controversy, as did her father on the former trial, and assumed the burden of establishing her defense that her father was an accommodation indorser on the note. The only evidence offered on the trial was the testimony of W. F. Hada given on the former trial, taken from the official statement of facts on the former appeal.. Judgment was rendered in favor of appellee against appellant for the relief prayed for. On the trial, only the testimony of W. F. Hada on the former trial was introduced. The appeal is based upon appellant's construction of the testimony that, under all the testimony, W. F. Hada was merely an accommodation indorser for appellee. In this contention, appellant is in error. We quote as follows from the testimony of W. F. Hada:

"By Mr. Gunter (appellant's attorney):

"Q. Mr. Hada, did you have any conversation—well, you heard Mr. James' testimony about your approaching him down there on the sidewalk at your place of business? A. Yes, sir.

"Q. And what he said about your telling him that you didn't want your son to lose the car and that you would sign the note even though you had to pay it, if it would keep the car for your son—do you remember any such conversation? A. No, sir.

"Q. Did you have such a conversation? A. No, all that talking about the First National Bank and getting my name on there so he could use it as collateral he done. The thing was so quick, we are not long at it, transacting business.

"Q. Now, how many conversations did you have with Mr. James about that?"

In the statement on the former appeal it was made to appear that the testimony of J. E. James was to the effect that W. F. Hada was not an accommodation indorser. The reference to the testimony of Mr. James, given in the above quotation from Mr. Hada's testimony, clearly states appellee's contention and put in evidence the testimony given by him on the former trial to the effect that W. F. Hada was not an accommodation indorser.

For the reasons stated, the judgment of the lower court has support.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.