## SINCLAIR et al. v. CITY OF CENTER.

### No. 3204.

Court of Civil Appeals of Texas. Beaumont.
July 15, 1937.

Rehearing Denied July 20, 1937.

E. B. Lewis, of Center, for appellants.

Sanders & McLeroy, of Center, for appellee.

WALKER, Chief Justice.

On the 1st day of April, 1936, appellee, the city of Center, a municipal corporation, instituted proceedings in county court of Shelby county against appellants, J. L. Sinclair and wife, to condemn a street way across their property. Commissioners were duly appointed, and on the 15th day of April, 1936, they filed their report estimating and assessing the damages suffered by appellants by reason of the condemnation. On the 21st day of April, 1936, appellants filed their exceptions to the report of the commissioners, regular in every respect except the exceptions were not signed by them nor by anyone for them. The first paragraph of the exceptions reads as follows: "To the Honorable County Court of Shelby County, Texas: Now comes the defendants, J. L. Sinclair and wife, Angie Sinclair, and objects to the decision and award of the Commissioners appointed by the Honorable Judge of this Court to assess the damages done them by the proposed taking of a right of way for the construction and operation of a highway, to-wit: Highway No. 7, through the town of Center, Texas, of the above named Petitioner The City of Center, over defendants lots, plats and tracts of land, in such decision and award described. The said defendants present and file this their objections and exceptions to said award and decision, for the reasons hereinafter set out," and were indorsed as follows:

"#796, County Court, Shelby County, Texas In the Matter of Proceedings by City of Center for Condemnation of property of J. L. Sinclair & wife Angie Sinclair.

"Objection & Exceptions of defendants to Commissions Award.

"Filed this April 21st, 1936. Clarence Sanford, County Judge, Shelby County, Texas.

"Filed Apr. 21, 1936. Voyde L. Hughes, Clerk, County Court, Shelby County, Texas."

On the same day the exceptions were filed, appellee executed and filed the following waiver of service:

"In the Matter of Proceedings by the City of Center for Condemnation of Property of J. L. Sinclair and Wife Angie Sinclair
In the County Court of Shelby County, Texas.

"Now comes the City of Center, plaintiff in the above styled cause, and acting by and through W. C. Windham, its Mayor, O. J. Rushings, its Secretary and E. J. McLeroy, Jr., its attorney of record, and reby waives the issuance of citation, service and return on it of defendants objec-

tions and exceptions to the award and decision of the Special Commissioners herein, and which objections and exceptions were this day filed among the papers in the cause, and hereby acknowledge receipt of a copy of the said objections and exceptions, and agree that said cause may proceed to trial in each and every way, as though the said plaintiff had been duly and legally servied with process in the manner, from and for the time prescribed by law.

"Signed this the 21st day of April, A. D. 1936.

"The City of Center,
"By W. C. Windham, Mayor,
"O. J. Rushing, Secretary
"E. J. McLeroy, Jr.
"Atty of Record
"Filed April 21, 1936. Voyde L. Hughes, Clerk County Court, Shelby County, Texas."

At the May term of county court following the filing of the exceptions, the case was continued without any sort of action by the court. At the September term, on the 24th day of September, appellee filed its first amended original petition, and on that day, on its motion, the case was continued from the September term to the January term, 1937, which convened on the 1st day of January. On the 2d day of January appellee filed its motion to strike appellants' exceptions to the report of the commissioners and to dismiss the case from the docket of the court, on the ground that the exceptions were not signed; that was the first time appellee directed the court's attention to the defect in the original exceptions. On the 5th day of January the court granted all parties leave to amend and set the case for trial on January 20th. On the 16th of January appellants filed their "amended objections and exceptions" to the report of the commissioners. Between January 5th and January 16th, Judge E. B. Lewis, attorney for appellants, who prepared and filed the original exceptions, and also as their attorney prepared and filed their amended exceptions, signed his name to the original exceptions as their attorney. He testified that he did that in the belief that it was authorized by the court's order granting him permission to amend his pleadings. On the 20th day of January, 1937, the court heard and sustained appellee's motion to dismiss this case from its docket by the following order: "It is therefore ordered, adjudged and decreed by the court that said motions to dismiss said appeal be, and the same is, hereby, in all things sustained, and the appeal from the decision of the commissioners in said condemnation proceedings is in all things dismissed at the cost of the defendants, and it is further ordered that plaintiff recover all costs by it incurred, for which let execution issue."

## Opinion.

 The court erred in its order of dismissal. The statutes, articles 3266–3269, Rev.St., as amended (Vernon's Ann.Civ. St. arts. 3266–3269), do not affirmatively require that the exceptions be signed by the complaining party nor by anyone for him; nor does it "prescribe the form or the contents of the objections, further than to require that they be in writing, and set forth the grounds of complaint." 16 Tex.Jur. 798.

The failure of appellants to sign their exceptions was a mere irregularity and should have been so treated by the court. Fidelity & Casualty Co. v. Lopatka, 24 Tex.Civ.App. 536, 60 S.W. 268. Being a mere irregularity, it was subject to amendment. O'Donnell v. Chambers (Tex.Civ.App.) 163 S.W. 138, 139. Discussing this irregularity in Boren v. Billington, 82 Tex. 137, 18 S.W. 101, Judge Gaines said: " 'The failure to comply with the requirements is an irregularity that may subject the pleading to be stricken out upon motion, or be treated as a nullity by the court; but it is one which does not operate to the injury of the opposing party.' * * * The signature adds nothing or takes nothing from the cause of action set forth in the petition. * * * The signature of the foreman of the grand jury to the indictment is a statutory requirement, but it is held to be formal. The Court of Criminal Appeals in a number of cases has held the requirement of the statute should be complied with, but, if not, the omission does not render the indictment invalid." The amended "objections and exceptions," when filed under orders of the court, related back to the date of the filing of the original exceptions, curing the irregularities in their execution. On this point, in Vitkovitch v. Kleinecke, 33 Tex.Civ.App. 20, 75 S.W. 544, the court said: "Where a petition in an action on a note was not signed when filed, and thereafter, under leave of court, it was amended so as to cure such formal defect * * * the defect in the petition being a mere irregularity subject to amendment, and, when amended, the petition relating back to the date of its filing."

This rule is controlling in this case because both by the recitations of the original exceptions and the indorsements on its back, as filed in the county court, it was made to appear beyond controversy that the exceptions were prepared and filed by appellants.

■ For a second reason the judgment sustaining the demurrer was error. By waiving service of citation on the 21st day of April, 1936, and agreeing that the cause might proceed to trial, and by filing its amended petition at the September term and continuing the case without calling the irregularity to the court's attention, appellee waived the irregularity in the original exceptions.

For the reasons stated the judgment of the lower court is reversed, and the cause remanded for a new trial.