PATRICK MEDIA GROUP,
INC., Appellant,

v.

DALLAS AREA RAPID
TRANSIT, Appellee.

No. 11–93–246–CV.

Court of Appeals of Texas,
Eastland.

June 23, 1994.

Rehearing Denied Aug. 4, 1994.

Paul C. Isham, Decker, Jones, McMackin, McClane, Hall & Bates, Fort Worth, J. Allen Smith, Michael J. Vernone, Settle & Pou, Dallas, for appellant.

David C. Schulze, Dallas Area Rapid Transit, Office of General Counsel, Dallas, for appellee.

## Opinion

McCLOUD, Chief Justice.

This is a condemnation suit. We dismiss the appeal for want of jurisdiction.

Dallas Area Rapid Transit (DART) filed a condemnation proceeding in county court at law against Harris, Clayton, Schulz, Inc. (Harris), the owner of the land. Patrick Media Group, Inc. (Patrick) held a leasehold interest in the land for the operation of a billboard and was added as a defendant in DART's first amended petition. The condemnation proceeding was set for a hearing before special commissioners on June 22, 1993.

On the day of the hearing, DART filed a motion to nonsuit Patrick, stating that it chose not to condemn Patrick's interest in the land because the billboard could remain in place until the end of Patrick's license agreement. That same day, the court granted DART's motion but did not hold a hearing on the motion for nonsuit or make an allowance for Patrick's attorney's fees and court costs.

On June 24, Patrick moved the court to reconsider its dismissal, complaining that it was dismissed without a hearing. The court refused to reconsider the order of dismissal.[1]

The commissioners filed their compensation award with the court on July 20. The award neither reflected that Patrick was a party to the proceeding nor awarded Patrick any compensation for its interest in the property. The same day that the award was filed, Patrick filed a plea in intervention claiming that its interest in the property would be materially and adversely affected by the condemnation of the property.

On August 13, Patrick filed objections to the decision of the commissioners and requested a jury trial to determine its damages as a result of the condemnation. On August 19, the court noted that none of the "parties" objected to the commissioners' award and rendered judgment granting DART fee simple title to the property and awarding Harris $272,191 as compensation. Patrick perfected this appeal from the August 19 judgment.[2]

Relying on TEX.R.CIV.P. 60, Patrick argues that it became a party for all purposes when it filed its plea in intervention on July 20. We disagree.

■ The rule is well established that a condemnation proceeding is an administrative proceeding and only becomes a judicial proceeding or civil case when a party files objections to the judgment of the special commissioners. *State v. Giles,* 368 S.W.2d 943 (Tex.1963); *Pearson v. State,* 159 Tex. 66, 315 S.W.2d 935 (1958). The court in *Rose v. State,* 497 S.W.2d 444 (Tex.1973), stated:

> The nature of this action is of controlling significance. A judgment which a county court renders upon the basis of an award to which there have been no objections is the judgment of a special tribunal. Such a judgment is ministerial in nature and is the judgment of an administrative agency.

---

1. The trial court's order, signed on July 12, stated:

   > The Court, having considered the Motion and the arguments of counsel, but having refused to consider or allow the proffered evidence of Patrick Media Group, Inc. as to its compensable interests, prejudice resulting from the dismissal and/or attorneys' fees and costs, is of the opinion that the Motion should be denied.

2. Patrick argues on appeal that the trial court should have conducted a hearing on the motion for nonsuit under TEX.PROP.CODE ANN. § 21.-019(a) (Vernon 1984); that attorney's fees and court costs should have been awarded under TEX.PROP.CODE ANN. § 21.019(b) (Vernon Supp.1994); and that it timely filed objections to the commissioners' award.

It is not a judgment from which an appeal will lie. *Pearson v. State,* 159 Tex. 66, 315 S.W.2d 935 (1958). It is not a judgment in a civil suit, because the proceedings did not reach the stage of "a case in court." *Sinclair v. City of Dallas,* 44 S.W.2d 465, 466 (Tex.Civ.App.1931, writ ref'd).

Neither DART nor Harris, the parties to the July 20 special commissioners' award, filed objections to the award. Although it applies to civil actions in county courts,[3] Rule 60 does not apply to this special statutory proceeding. When Patrick filed its plea in intervention, the special statutory proceeding had not reached the stage of a "case in court" as recognized in *Rose.*

Furthermore, in condemnation proceedings, the trial court has appellate jurisdiction limited to the parties and issues involved in the administrative proceeding before the special commissioners. *Board of Regents of the University of Texas System v. Puett,* 519 S.W.2d 667 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.). Patrick was dismissed from the condemnation proceeding on June 22 and was not a party to the commissioners' award. The trial court had no jurisdiction over Patrick's claim; and Patrick's objections to the commissioners' award did not prevent the commissioners' award from becoming final as between DART and Harris, the parties to the condemnation proceeding. Absent objections to the commissioners' award by the parties to the condemnation proceeding, we have no jurisdiction to entertain this appeal.[4]

The appeal is dismissed.

---

3. TEX.R.CIV.P. 2.

4. See *Rosenthal v. Ottis,* 865 S.W.2d 525, 528 (Tex.App.—Corpus Christi 1993, orig. pro.), where the court held that mandamus was a proper remedy to compel the trial court to hold a hearing following the dismissal of a condemnation proceeding and to determine the amount of reasonable and necessary attorney's fees and expenses mandated by Section 21.019(b). See also *Pearson v. State, supra,* where the court stated that mandamus would be available to correct certain irregularities that occur in connection with the special commissioners' award where no objections to the award were filed.