NO. 12-03-00139-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
TYLER ROSE NURSERY, INC.,                       §                APPEAL FROM THE 
APPELLANT
 
V.                                                                          §                COUNTY COURT AT LAW #3

THE STATE OF TEXAS,
APPELLEE                                                         §                SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Tyler Rose Nursery, Inc. appeals from the trial court’s judgment in this condemnation case.
In its sole issue, the nursery contends the trial court erred in striking its plea in intervention. We
affirm.
 
Background
            In 1996, Joe Tew, owner of Tyler Rose Nursery, purchased a 12.213 acre tract of land. In May
2001, the State filed a petition for condemnation of a 2.066 acre tract out of that acreage. The State
named Joe Tew and his wife Jamie Tew as defendants. The trial court appointed a panel of special
commissioners who heard evidence and arguments of the parties. The commissioners awarded the
Tews $10,000.00 in damages for the taking of their property. The Tews filed objections to this award
and asked for a trial on the issue of damages. Eleven days after the commissioners’ award was filed
with the trial court, Joe Tew deeded the 12.213 acre tract, including the condemned acreage, to Tyler
Rose Nursery. A few days later, Tyler Rose Nursery filed a plea in intervention in the trial court. 
            The State deposited $10,000.00 in the court’s registry on January 11, 2002. The trial court
entered an order distributing those funds to the Tews and Tyler Rose Nursery the following month.
A few months later, the trial court ordered the parties to mediation. In September 2002, the Tews
filed a motion to substitute Tyler Rose Nursery for themselves as defendants. The trial court denied
that motion on the same day it struck the plea in intervention. The trial court’s amended judgment
reflects its earlier disposition of the plea in intervention as well as the parties’ agreement that the Tews
would receive $6,508.00 in damages for the condemned property. 
 
Plea in Intervention
            In its sole issue, Tyler Rose Nursery asserts the State sued a prior title holder, who has
disclaimed any interest. The nursery claims to be the appropriate party to receive the award because
it was the record title holder on January 11, 2002, the date of taking. Therefore, it contends, the trial
court erred in striking its plea in intervention.
            Jurisdiction of the trial court in condemnation proceedings is appellate, and although the trial
is de novo, it is limited to the parties and issues involved in the administrative proceeding before the
special commissioners, the administrative tribunal from which the court’s jurisdiction derives. Patrick
Media Group, Inc. v. Dallas Area Rapid Transit, 879 S.W.2d 375, 377 (Tex. App.– Eastland 1994,
writ denied); Board of Regents v. Puett, 519 S.W.2d 667, 670 (Tex. Civ. App.–Austin 1975, writ
ref’d n.r.e.). The trial court is without power to enlarge the subject matter of the cause and is limited
to review of only such matters as were properly before the commissioners. Puett, 519 S.W.2d at 670-71. Tyler Rose Nursery was not a party to the proceeding before the special commissioners. It sought
to assert its claim for the first time after the matter was on appeal. Therefore, the trial court did not
have jurisdiction to hear the nursery’s claim. See id. Accordingly, the trial court correctly struck the
nursery’s plea in intervention. We overrule Tyler Rose Nursery’s sole issue.
 
Disposition
            We affirm the trial court’s judgment.
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
Opinion delivered July 14, 2004.
Panel consisted of Worthen, C.J., and DeVasto, J.,
Griffith, J., not participating 
(PUBLISH)