**Opinion filed November 30, 2023**



In The

# Eleventh Court of Appeals

—————

## No. 11-22-00210-CV

—————

## SPOON RANCH FAMILY LIMITED PARTNERSHIP AND DDMP, LLC, Appellants

### V.

## ATMOS ENERGY CORPORATION, Appellee

**On Appeal from the 1st Multicounty Court at Law**
**Mitchell County, Texas**
**Trial Court Cause No. CCL17799**

## O P I N I O N

This is a condemnation suit.  *See* TEX. PROP. CODE ANN. §§ 21.001–.103 (West 2014 & Supp. 2023).  In two issues, Appellants (1) challenge the trial court's denial of their motion for new trial, and (2) contend that the trial court violated their constitutional right to due process when it conducted a hearing in their absence.  Because no party objected to the special commissioners' award, the underlying

administrative condemnation proceeding was never converted into a judicial proceeding. Accordingly, we dismiss this appeal for want of jurisdiction. TEX. R. APP. P. 42.3(a), 43.2(f).

## I. *Factual Background*

The issues that we must address arise from the sale of the subject property that overlapped with the underlying condemnation proceeding. In September 2021, in order to acquire an easement and a temporary workspace easement across certain property in Mitchell County, Appellee, Atmos Energy Corporation, filed a condemnation action against Appellant, Spoon Ranch Family Limited Partnership, the owner of the land. On December 8, 2021, the appointed special commissioners set a hearing via Zoom for January 4, 2022 to hear evidence concerning the value of the proposed taking. Spoon Ranch was served with notice of this hearing on December 14, 2021.

One day later, on December 9, Spoon Ranch entered into a contract to sell the subject property to Derek Potts.[1] As evidenced by their reference to the proceeding in their sales contract, both Spoon Ranch and Potts were aware of the pending condemnation proceeding. The contract provided that Spoon Ranch relinquished to Potts its authority and any proceeds related to the condemnation action. It also stated that Potts "is to negotiate with Atmos Energy directly after the closing."

On December 29, Michael Bins, an attorney with the Potts Law Firm,[2] notified Appellee that he "represented an individual [Potts] who is purchasing the subject property . . . [and] [t]hey executed a contract last week but it has not closed." On

---

[1]Appellants contend that the terms of the contract required that the property be sold to Potts and his assignee, DDMP, LLC. Although the contract identifies the buyer as "Derek Potts or Assigns," the record shows that DDMP, LLC was not formed until January 14, 2022, approximately one month after the sales contract was executed.

[2]Potts is also an attorney with the Potts Law Firm.

January 4, 2022 the special commissioners heard the eminent domain proceeding. Although it was provided notice of this hearing, Spoon Ranch did not appear. At the conclusion of the hearing, the special commissioners awarded $9,341 to Spoon Ranch for the easement; the award was later filed with the trial court. On January 18, Appellee deposited the awarded amount into the registry of the trial court. The trial court thereafter signed an order authorizing Appellee to take possession of the condemned property.

On January 24, Bins electronically filed a document entitled "Defendant's General Denial and Objections and Exceptions to the Award of the Special Commissioners." These purported objections to the special commissioners' award were not signed. They merely contained the typewritten name "Spoon Ranch Family Limited Partnership" but no identifying contact information, whether for Spoon Ranch or an attorney on its behalf, was included.

On March 15, 2022, Bins filed a notice of appearance in the case on behalf of Appellant, DDMP, LLC, *as the assignee* of Spoon Ranch's rights, titles, interests, and claims for just compensation and "any and all other rights" Spoon Ranch may possess in the suit. However, Bins did not file a notice of appearance on behalf of Spoon Ranch. Simultaneous to this, DDMP (represented by Bins) filed amended objections to the commissioners' award. These amended objections were substantively identical to the objections that Bins filed on January 24, except that Bins's signature block was included. On the day he filed his notice of appearance, Bins also spoke with Appellee's counsel by phone and acknowledged that he did not represent Spoon Ranch; rather, and as his notice of appearance shows, he represented DDMP.

On March 16, the day after Bins appeared on behalf of DDMP, Appellee filed a special appearance, objected to the trial court's exercise of jurisdiction over the case, moved for Bins to show his authority to act on behalf of Spoon Ranch under

Rule 12 of the Texas Rules of Civil Procedure, and requested the entry of judgment in accordance with the special commissioners' award. TEX. R. CIV. P. 12. In its verified motion to show authority, Appellee recited Bins's acknowledgment that he did not represent Spoon Ranch and specifically challenged Bins's authority to file the January 24 objections to the award on behalf of a party that he did not represent at the time of filing. Further, in the absence of any objections to the award by a party to the proceedings, Appellee requested that the trial court render judgment on the award in accordance with its ministerial duty.

On March 25, Spoon Ranch assigned all of its rights, titles, interests, and claims for compensation in this litigation to DDMP. DDMP subsequently filed a response to Appellee's motion to show authority and conceded that (1) Bins never claimed to represent Spoon Ranch and (2) Bins filed the January 24 objections. DDMP asserted that Bins filed the January 24 objections "as a favor" to Spoon Ranch.

The trial court set a hearing on Appellee's motion to show authority and request for judgment for May 4, 2022, and electronically served Bins with the order setting hearing. Neither Bins nor any other attorney or other individual appeared at this hearing on behalf of either DDMP or Spoon Ranch. As a result, no testimony or evidence was presented or admitted at the hearing. In a subsequent hearing on Appellants' motion for new trial, Appellants argued that notice of the show-authority hearing was sent to their counsel's spam/junk e-mail folder and Appellants consequently never received actual notice of the hearing.

After the show-authority hearing concluded, the trial court dismissed the January 24 objections and ordered them stricken. The trial court signed a final judgment on May 4, after the show-authority hearing had concluded, and adopted the special commissioners' award in accordance with its ministerial duty. *See Tex. Dep't of Transp. v. A.P.I. Pipe and Supply, LLC*, 397 S.W.3d 162, 167–68 (Tex.

4

2013); *Oak Lawn Apartments, Ltd. v. State*, 584 S.W.3d 11, 15 (Tex. App.—Fort Worth 2018, pet. denied).

On May 23, Bins filed a motion for new trial purportedly on behalf of both Spoon Ranch and DDMP. In that motion, Appellants argued that (1) the January 24 objections were sufficient to appeal the commissioners' award and confer jurisdiction upon the trial court to hear and decide the case, and (2) the subsequent March 25 assignment from Spoon Ranch to DDMP was sufficient to vest DDMP with the authority to challenge the award going forward. The motion for new trial did not address the trial court's order striking the January 24 objections in accordance with the result of the hearing on the motion to show authority.

At the hearing on the motion for new trial, Appellants asserted that they never received notice of the May 4 hearing setting on the motion to show authority and thus were unaware that such a hearing had occurred. On July 12—sixty-nine days after the trial court signed its final judgment on May 4—DDMP filed a verified motion to set aside the judgment and argued that its failure to appear at the May 4 show-authority hearing was not intentional or the result of conscious indifference and that the trial court entered judgment without giving DDMP the basic due process that is, and should be, afforded to litigants. Appellants' motion for new trial was overruled by operation of law, and this appeal followed.

## II. *Standard of Review*

Generally, we review the trial court's denial of a motion for new trial for an abuse of discretion. *Cent. Appraisal Dist. of Taylor Cnty. v. W. AH 406, Ltd.*, 372 S.W.3d 672, 695 (Tex. App.—Eastland 2012, pet. denied) (citing *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006)). Likewise, we review the grant of a Rule 12 motion to show authority for an abuse of discretion. *R.H. v. Smith*, 339 S.W.3d 756, 762 (Tex. App.—Dallas 2011, no pet.) (citing *Urbish v. 127th Jud. Dist. Court*, 708

S.W.2d 429, 432 (Tex. 1986)); *accord In re Guardianship of Benavides*, 403 S.W.3d 370, 373 (Tex. App.—San Antonio 2013, pet. denied).

### III.  *Governing Law*

A condemnation proceeding is not within the general jurisdiction of the trial court; instead, the trial court's power to act is special and is derived from the eminent domain statute.  *See Pearson v. State*, 315 S.W.2d 935, 937–38 (Tex. 1958); *Gulf Energy Pipeline Co. v. Garcia*, 884 S.W.2d 821, 822–23 (Tex. App.—San Antonio 1994, no pet.).  Texas condemnation proceedings have two phases.  *In re Lazy W Dist. No. 1*, 493 S.W.3d 538, 542 (Tex. 2016) (orig. proceeding).  The first phase consists of the initial filing of the petition and the commissioners' hearing which is an administrative proceeding that converts into a pending cause only when objections to the commissioners' award are filed.  *Id.*; *see* PROP. § 21.018(b).  Any *party to the proceeding* who is dissatisfied with the special commissioners' award may file objections within the time limitations and deadlines specified in the statute. *See* PROP. § 21.018(b) (emphasis added).

Next, upon the filing of any objections, the special commissioners' award is vacated, and the initial administrative proceeding converts into a pending cause— the condemnor is the plaintiff for the purpose of proving its right to condemn, and the landowner is the defendant.  *See* PROP. § 21.018(b); *see also Denton Cnty. v. Brammer*, 361 S.W.2d 198, 200 (Tex. 1962).  Once the condemnor is served with citation, the special commissioners' award cannot be reinstated.  *Amason v. Nat. Gas Pipeline Co.*, 682 S.W.2d 240, 241–43 (Tex. 1984).

Notably, the written objections to the special commissioners' award are not governed by the heightened pleading requirements provided by the Texas Rules of Civil Procedure.  *Oak Lawn Apartments*, 584 S.W.3d at 16; *Thompson v. Martin Cnty.*, 247 S.W.2d 585, 587 (Tex. App.—El Paso 1952, writ dism'd).  Moreover, the objections are not required to be signed by the filing party or by anyone who

represents that party. *Sinclair v. City of Center*, 107 S.W.2d 921, 921–23 (Tex. App.—Beaumont 1937, writ ref'd). To that end, unsigned objections are considered "mere irregularit[ies]" that are subject to correction. *Id.* at 922. The trial court should permit such pleading "irregularities" to be cured by amendment because they do not operate to invalidate the written objection. *Id.* And, if the written objection is amended, the amendment relates back to the date that the original objection was filed, thus curing the irregularities. *Id.*

If no party files timely objections to the special commissioners' findings and award, the trial court that has jurisdiction of the administrative proceeding shall adopt the commissioners' findings and award as the judgment of the court. *See* Prop. § 21.061. The trial court's function in this regard is ministerial in that it must render judgment based on the commissioners' award. *See Oak Lawn Apartments*, 584 S.W.3d at 15; *Patrick Media Grp., Inc. v. Dallas Area Rapid Transit*, 879 S.W.2d 375, 376 (Tex. App.—Eastland 1994, writ denied) (citing *Rose v. State*, 497 S.W.2d 444 (Tex. 1973)); *see also NA Land Co. v. State*, 624 S.W.3d 671, 673 (Tex. App.—Houston [14th Dist.] 2021, no pet.). The trial court lacks jurisdiction to act otherwise. *Pearson*, 315 S.W.2d at 938. In the absence of timely filed objections, the trial court's judgment that is based on the commissioners' findings and award is not appealable. *Oak Lawn Apartments*, 584 S.W.3d at 16 (citing *Pearson*, 315 S.W.2d at 938).

Only a "*party* to a condemnation proceeding" may raise an objection to the special commissioners' award. Prop. § 21.018(a) (emphasis added). Here, if Bins was not acting on behalf of Spoon Ranch, then the objections that he filed on January 24 were invalid because Bins—the undisputed filer of these objections— was neither a party nor a representative of a party to the condemnation proceeding. *See Port Freeport v. Jones,* No. 01-22-00198-CV, 2023 WL 2375948, at *4 (Tex.

App.—Houston [1st Dist.] Mar. 7, 2023, no pet.) (mem. op.) (citing Prop. § 21.018(a)).

## IV. *Analysis*

### A. *Appellants Failed to Challenge Every Independent Ground Supporting the Final Judgment*

With respect to their first issue, Appellants argue that the trial court abused its discretion or committed reversible error when it struck the January 24 objections to the special commissioners' award. They contend that the written objections that were filed by Spoon Ranch on January 24 were both legally and factually sufficient to properly appeal the special commissioners' award and establish the trial court's jurisdiction over the case. Moreover, they contend that the amended objections filed by DDMP on March 15, as assignee of Spoon Ranch, relate back to the timely filed January 24 objections and thus cure any irregularities associated with that original filing.

Appellants assert that although the January 24 objections were neither "signed, nor filed, by a lawyer" this defect or irregularity does not render the objections invalid or ineffective. While Appellants are correct on that point,[3] their framing of the issue skirts around the core question that is presented here: whether "a *party* to the condemnation proceeding" filed the January 24 objections. Prop. § 21.018(a) (emphasis added).

To this point, whether the January 24 objections were signed or filed by a lawyer is irrelevant; rather, the only relevant inquiry is whether the objections were

---

[3]Texas law is clear that the objections need not be signed or filed by a lawyer to be valid, regardless of the irregularity of such an occurrence. *See, e.g.*, *Sinclair*, 107 S.W.2d at 921–23 (permitting an amendment of the objection to the commissioners' determinations to cure such irregularity); *see also W.C. Turnbow Petrol. Corp. v. Fulton*, 194 S.W.2d 256, 257 (Tex. 1946) (holding that the lack of a signature on a pleading is not fatal and that a properly signed and filed amended pleading relates back to the date the unsigned original pleading was filed).

filed *by a party* to the proceeding. *See* PROP. § 21.018(a); *City of Austin v. Capitol Livestock Auction Co.*, 453 S.W.2d 461, 463 (Tex. 1970) (holding that the only parties entitled to a condemnation award are the owners of the condemned property at the time of the taking). Bins filed the January 24 objections through his electronic filing account. These objections were not signed by anyone. Bins admittedly did not and does not represent Spoon Ranch; he represents DDMP which, at the time these objections were filed—as well as when Appellee took possession of the condemned property on January 18—was not a *party* to the condemnation proceeding.[4] *See Mayberry v. Kinder Morgan Crude & Condensate, LLC*, No. 14-16-00523-CV, 2018 WL 456709, at *3–5 (Tex. App.—Houston [14th Dist.] Jan. 18, 2018, pet. denied) (mem. op.) (holding that a party must possess a compensable interest in the property by the date of the taking to have standing to sue).

Appellee challenged the January 24 objections and moved to strike them on two grounds: that the objections were filed (1) by a pro se litigant who may not appear pro se in this type of proceeding and were unsigned when filed, and (2) without authority by an attorney—Bins—who did not represent Spoon Ranch. To assert these grounds, Appellee filed a special appearance, objections to the trial court's exercise of jurisdiction over the case, a motion to show authority, and a request for the entry of judgment in accordance with the commissioners' award. *See* TEX. R. CIV. P. 12. After a hearing on the motion to show authority, at which neither

---

[4]The December 2021 contract to purchase the property, which had not closed at the time the January 24 objections were filed, did not convey an interest in the subject property to either Potts or DDMP. *See Tex. Am. Bank/Levelland v. Resendez*, 706 S.W.2d 343, 345 (Tex. App.—Amarillo 1986, no writ) (a contract of sale is not effective as a conveyance and does not pass an interest in the realty, but rather only specifies the conditions for the future passing of the interest); *Fed. Life Ins. Co. v. Martin*, 157 S.W.2d 149, 152 (Tex. App.—Texarkana 1941, writ ref'd). DDMP was therefore not a party to the condemnation proceeding in January 2022. *See Beutel v. Dallas Cnty. Flood Control Dist., No. 1*, 916 S.W.2d 685, 691–92 (Tex. App.—Waco 1996, writ denied) (the intervenor had no justiciable interest and was not a proper party to the condemnation proceeding when he did not have an ownership interest in the property at the time of the taking).

Appellants nor anyone on their behalf appeared, the trial court struck the January 24 objections. The trial court then signed a final judgment and adopted the special commissioners' determinations and award, pursuant to its ministerial duty. *See* PROP. § 21.061.

As a threshold matter, Appellee contends that Appellants have not challenged the second independent ground that supports the trial court's judgment, namely, that the trial court granted their Rule 12 motion to strike the January 24 objections because the objections were filed without authority. In their reply brief, Appellants disagree that the Rule 12 motion is a ground that supports the trial court's judgment; rather, they assert that the final judgment contains no language referencing the motion-to-show-authority portion of Appellee's special appearance and instead relies only on the ground that the January 24 objection was "filed unsigned, by an entity that may not appear *pro se*, and with questionable authority."

Appellants contend that the phrase "and with questionable authority"—which is contained both in the trial court's order dismissing and striking the January 24 objections and its final judgment—refers to Spoon Ranch's questionable authority to appear as a pro se litigant and file unsigned objections. They argue that this is the sole basis for the trial court's order and final judgment because the trial court never explicitly granted Appellee's Rule 12 motion to show authority—either in its order to strike the objections or in its final judgment. We disagree with Appellants on this point.

The record of the Rule 12 hearing clearly shows that the trial court intended to, and in fact did, grant Appellee's Rule 12 motion, strike the January 24 objections, and affirm and adopt the special commissioners' determinations and award. During the Rule 12 hearing, at which Appellants did not appear, Appellee specifically argued that (1) because the January 24 objections were filed by Bins purportedly on behalf of Spoon Ranch and without the authority to do so, they were invalid, and

(2) the subsequent efforts by Spoon Ranch, Bins, and DDMP to amend and otherwise validate the objections were unsuccessful. Consequently, Appellee reasoned, no valid objections to the commissioners' award had been filed and, therefore, the trial court's jurisdiction was limited to only performing its ministerial duty to adopt and enter the special commissioners' award.[5]

Further, at the conclusion of the Rule 12 hearing, the trial court stated that "I do find that . . . the attorney for the assignees of Spoon Ranch have failed to show authority that they have -- authority to file any pleadings on behalf of the Spoon Ranch, that those were defective and unsigned, and that they should essentially be disregarded or stricken by the Court." The trial court memorialized this ruling in its order dismissing and striking the objections. In light of the record before us and the trial court's statements at the hearing, we conclude that the "and with questionable authority" language in the trial court's order and final judgment, as well as its action in striking the objections, refer to the trial court's authority to act pursuant to Rule 12. *See* TEX. R. CIV. P. 12.

---

[5]If the January 24 objections were not filed "by a party to the condemnation proceeding," any purported subsequent amendment to the January 24 filing could not relate back to "cure" its deficiency because this filing was never a valid objection within the meaning of Section 21.018(a). *See Patrick Media*, 879 S.W.2d at 377 (Because the intervenor "was not a party to the commissioners' award," its objections "did not prevent the commissioners' award from becoming final as between . . . the parties to the condemnation proceeding."). In other words, no objection exists for the amendment to cure.

Even as Spoon Ranch's assignee, DDMP could not "cure" a pleading that Spoon Ranch never filed. *See John H. Carney & Assocs. v. Tex. Prop. & Cas. Ins. Guar. Ass'n*, 354 S.W.3d 843, 850 (Tex. App.— Austin 2011, pet. denied) (An assignee "stands in the shoes" of the assignor and "acquires no greater right than the assignor possessed."). Tellingly, the amended objections filed by DDMP were substantively identical to the original January 24 objections. The only difference between the two are that the amended objections (1) identifies DDMP as Spoon Ranch's assignee, and (2) is signed by Bins, DDMP's attorney. Notably, the record shows that Spoon Ranch assigned its rights to DDMP ten days *after* this filing occurred.

Moreover, DDMP's amended objections could not stand on their own because they were filed after the deadline for filing objections had expired under Section 21.018(a). *See* PROP. § 21.018(a) ("The statement must be filed on or before the first Monday following the 20th day after the day the commissioners file their findings with the court.").

Contrary to Appellants' contention, the "and with questionable authority" language in the trial court's order and final judgment refers to the issue raised by Appellee's Rule 12 motion: whether "a *party* to the condemnation proceeding" filed objections to the commissioners' award. This issue—the trial court's grant of Appellee's motion to show authority and to strike the objections—constitutes a second independent ground in support of the trial court's final judgment.[6]

Because Appellants failed to challenge the Rule 12 ground on appeal, in most instances, we would affirm the trial court's judgment on that basis. *See Prudential Ins. Co. of Am. v. J.R. Franclen, Inc.*, 710 S.W.2d 568, 569 (Tex. 1986) ("An appellate court is not authorized to reverse a trial court's judgment in the absence of properly assigned error."). Generally, we "must affirm a trial court's judgment if an appellant does not challenge *all* independent bases or grounds that fully support a complained-of ruling or judgment." *Creekside Rural Investments, Inc. v. Hicks*, 644 S.W.3d 896, 905 (Tex. App.—Eastland 2022, no pet.) (emphasis added) (citing *Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 423–24 (Tex. App.—Dallas 2009, no pet.)). Normally, that rule would apply to the circumstances before us. *See Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 & n.6 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (discussing the premise of the rule that an appellate court normally cannot alter an erroneous judgment in favor of an appellant in a civil case who does not challenge that error on appeal, including when a trial court may

---

[6]Despite Appellants' arguments, the trial court was not obligated to provide Appellants with an opportunity to replead and amend their objections. As discussed above, the January 24 objections are not a *defective* pleading: they are an *unauthorized* pleading filed by an attorney without authority to do so and who did not represent Spoon Ranch. Thus, in light of the result of the hearing on Appellee's Rule 12 motion, the deadline imposed by Section 21.018(a) passed with no timely and proper objections filed by a *party* to the condemnation proceeding; therefore, the proceeding remained an administrative, rather than a judicial, proceeding only. Under these circumstances, the trial court had no jurisdiction to act beyond its ministerial duty to adopt the special commissioners' determinations and award as its final judgment. PROP. § 21.061. Nor did the trial court "reinstate" the award because in the absence of valid objections, it was never vacated. *See Amason*, 682 S.W.2d at 242 (citing PROP. § 21.018(b); *Brammer*, 361 S.W.2d at 200).

have erroneously sustained a jurisdictional plea and declined to exercise jurisdiction). However, as we discuss below, we will not affirm the trial court's judgment here because this appeal must be dismissed.

B. *Appellants Due Process Complaint is Waived*

In their second issue, Appellants assert that they did not receive notice of the hearing on Appellee's Rule 12 motion to show authority and, consequently, the trial court violated their due process rights when it proceeded to hear and consider this motion in their absence. We address this issue only because it is necessarily intertwined with the outcome of Appellee's Rule 12 motion—the unchallenged basis for the trial court's final judgment.

After the trial court signed its final judgment on May 4, Appellants filed a motion for new trial; however, Appellants did not raise a constitutional due process complaint at that time. At the hearing on Appellants' motion for new trial, Appellants asserted that they were unaware that a hearing on Appellee's motion to show authority had been set for and had occurred on May 4.

On July 12, DDMP filed a verified motion to set aside the judgment and a separate brief in support of its motion for new trial. In this motion, DDMP asserted, for the first time, a due process complaint and requested that the trial court set aside its final judgment and grant Appellants' motion for new trial. Regardless of the caption, the verified motion to set aside the judgment was essentially, and we construe it to be, a supplement to Appellants' previously filed motion for new trial. *See Aaron v. Fisher*, 645 S.W.3d 299, 310 (Tex. App.—Eastland 2022, no pet.) (the substance of the relief sought in a pleading, rather than its title or formal style, determines its character) (citing *In re J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016)).

Rule 329b of the Texas Rules of Civil Procedure provides that an amended or supplemental motion for new trial may be filed without leave of court within thirty days after the trial court's judgment is signed. TEX. R. CIV. P. 329b(b). DDMP filed

13

the motion to set aside the judgment sixty-nine days after the trial court's judgment was signed, and without leave of court. An amended or supplemental motion for new trial that is filed without leave of court and more than thirty days after the appellate timetable has commenced is a nullity and cannot be considered by the trial court. *Equinox Enter., Inc. v. Assoc. Media, Inc.*, 730 S.W.2d 872, 875 (Tex. App.—Dallas 1987, no writ) (holding that Rule 329b(b) applies to supplemental motions for new trial); *see* TEX. R. CIV. P. 329b(b). Because Appellants'[7] motion to set aside the judgment was untimely and filed without leave of the trial court, their constitutional due process complaint—raised by them for the first time in this motion—is waived.

Appellants cite to *Hunter v. Ramirez*, which they contend is factually similar, for the proposition that the trial court should have granted their motion for new trial based on their alleged lack of notice of a hearing. *Hunter v. Ramirez*, 637 S.W.3d 858, 863 (Tex. App.—Houston [14th Dist.] 2021, no pet.). In *Hunter*, electronic notice of a hearing on a no-evidence motion for summary judgment was sent to the spam folder of plaintiff's counsel's e-mail account, and the plaintiff consequently failed to respond to the motion or appear at the scheduled hearing. *Id.* at 863. The court held that the trial court abused its discretion when it refused to grant the motion for new trial based on these facts because the plaintiff's failure to file a response was not intentional or the result of conscious indifference. *Id.*

Unlike in *Hunter*, in which the trial court's denial concerned a *timely filed* motion for new trial, here Appellants did not raise the issue of "excuse" in their motion for new trial, but rather raised it for the first time in their untimely motion to set aside the judgment. And unlike in *Hunter*, in which the court determined that the plaintiff's timely filed motion for new trial satisfied all three *Craddock* elements,

---

[7]We note that only DDMP, "as assignee" of Spoon Ranch, filed the untimely motion to set aside the judgment.

14

here Appellants only discussed the *Craddock* criteria in their untimely filed motion to set aside the judgment. *Id.* at 862–63; *see Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939) (a default judgment should be set aside when the defendant establishes that (1) the failure to answer was not the result of conscious indifference, but the result of an accident or mistake; (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no undue delay or otherwise injure the plaintiff). Thus, *Hunter* is readily distinguishable.

Even if we were to conclude that the trial court could consider the untimely filed motion to set aside the judgment, Appellants have not satisfied the *Craddock* elements. At most, Appellants established the first element, that lack of notice— whether by mistake or accident—caused them to fail to appear at the hearing. *See Hunter*, 637 S.W.3d at 862–63. Further, Appellants do not mention, address, or present any evidence in this motion to support the other two *Craddock* elements[8] (a meritorious defense and the absence of delay or injury to the other party), nor do Appellants address those elements on appeal. Thus, even if Appellants had timely and properly filed a motion that raised the constitutional due process complaint that they now advance on appeal, their contention fails on the merits and the trial court did not abuse its discretion when it allowed Appellants' motion for new trial to be overruled by operation of law. *See id.* at 862 ("We review the trial court's failure to grant [a] motion for new trial and allowing the motion to be overruled by operation of law for an abuse of discretion.").

---

[8]Arguably, Appellants could have (and perhaps attempted to) set up a meritorious defense to Appellee's motion to show authority by attaching to their motion for new trial the affidavit of Ben Streetman, a general partner of Spoon Ranch, in which he stated that Bins had Spoon Ranch's full authority to draft and file the January 24 objections on Spoon Ranch's behalf. However, Appellants (1) made no *Craddock* argument in their motion for new trial, (2) did not reference or re-attach Streetman's affidavit to the untimely verified motion to set aside the judgment, and (3) offered no argument or evidence to support a meritorious defense in the untimely verified motion to set aside the judgment. Even setting aside these deficiencies, Appellants also made no mention of the third *Craddock* prong.

Here, Spoon Ranch filed no objections to the commissioners' award; therefore, the trial court was obligated to adopt and affirm the special commissioners' findings and award and render judgment based on the same. *See* Prop. §§ 21.018(a), 21.061; *Oak Lawn Apartments*, 584 S.W.3d at 17. The trial court lacked jurisdiction to do anything to the contrary. *See* Prop. § 21.061; *Oak Lawn Apartments*, 584 S.W.3d at 17. Because Spoon Ranch failed to object to the award, the trial court's judgment is not appealable. *See* Prop. § 21.061; *Pearson*, 315 S.W.2d at 938. As such, we are without jurisdiction to consider Appellants' attempt to appeal from this judgment. *See Oak Lawn Apartments*, 584 S.W.3d at 17 (citing *Pearson*, 315 S.W.2d at 938); *Patrick Media*, 879 S.W.2d at 377 ("Absent objections to the commissioners' award by the *parties* to the condemnation proceeding, we have no jurisdiction to entertain this appeal.") (emphasis added). Accordingly, we may not address Appellants' issues beyond this jurisdictional inquiry.

## V. *This Court's Ruling*

For the reasons stated above, this appeal is dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

W. STACY TROTTER
JUSTICE

November 30, 2023

Panel consists of: Trotter, J.,
Williams, J., and Wright, S.C.J.[9]

Bailey, C.J., not participating.

---

[9]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.